BOOKER *v.* JUDGE OF RECORDER'S COURT.

PEOPLE *v.* WOMACK.

1. CRIMINAL LAW—SENTENCE—CREDIT FOR TIME SERVED.

Statement by trial court that he has considered the time spent in jail in arriving at sentence pronounced, or statement that defendant has been given credit for such time, does not comply with statute requiring that the trial court in imposing sentence shall specifically grant credit against the sentence for time served in jail prior to sentencing for inability to furnish bond (PA 1927, No 175, ch 9, § 11b, as added by PA 1965, No 73).

2. SAME—SENTENCE—CREDIT FOR TIME SERVED—SPECIFICATION.

Sentence upon conviction of crime complies with statute requiring that defendant be given credit for time served in jail before sentence for inability to furnish bond if the trial judge fixes the date of commencement of sentence as the date on which defendant was jailed for the offense which led to the sentence, or if, after pronouncing sentence, the trial judge states that defendant is to receive credit against the sentence for time served in jail before sentence (PA 1927, No 175, ch 9, § 11b, as added by PA 1965, No 73).

3. SAME—SENTENCE.

A sentence is the judgment formally pronounced by the court or judge upon defendant after his conviction in a criminal prosecution, awarding the punishment to be inflicted.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4–6] 21 Am Jur 2d, Criminal Law §§ 533, 545; 41 Am Jur, Prisons and Prisoners § 44.

: Right to credit for time served under erroneous or void sentence or invalid judgment of conviction necessitating new trial. 35 ALR2d 1283.

[3] 21 Am Jur 2d, Criminal Law § 525.

4. Same—Sentence—Credit for Time Served—Application.

Credit for time served in jail prior to sentence for crime for inability to furnish bond, required by statute to be applied against the sentence, applies to both minimum term and maximum term, if the sentence contains both (PA 1927, No 175, ch 9, § 11b, as added by PA 1965, No 73).

5. Same—Sentence—Credit for Time Served on a Void Sentence.

Compliance with statute entitling defendant sentenced for crime to credit for time served on void sentence arising from the same facts requires that the record show the statutory maximum term reduced by the time served on the prior erroneous conviction (CLS 1961, § 769.11a, as amended by PA 1965, No 67).

6. Same—Sentence—Credit for Period in Jail or Prior Void Conviction.

Cases are remanded for resentencing of defendants upon whom sentences had been imposed without proper credit having been given for time spent in jail because of inability to furnish bond or sentence now imposed had not been reduced by term served on prior erroneous conviction (PA 1927, No 175, ch 9, § 11a, as amended by PA 1965, No 67, § 11b, as added by PA 1965, No 73).

Original action by Theodore Booker against Gerald L. Groat, Judge of the Recorder's Court of Detroit, for a writ of superintending control to compel defendant to credit plaintiff with time served in jail prior to sentence. Submitted Division 1 July 5, 1967, at Lansing. (Docket No. 3,314.) Order of superintending control granted October 16, 1967.

*Theodore Booker, in propria persona.*

*Samuel J. Torina,* Chief Appellate Lawyer, for defendant.

Appeal from Recorder's Court of Detroit; Gillis (Joseph A.), J. Submitted with Docket No. 3,314, above, July 5, 1967, at Lansing. (Docket No. 3,053.) Decided October 16, 1967,

Julius "Buddy" Womack was convicted of felonious assault. Defendant appeals from his sentence. Sentence vacated, and remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Rheo C. Marchand,* Assistant Prosecuting Attorney, for the people.

*Julius Womack, in propria persona.*

QUINN, P. J.   Plaintiff Booker filed complaint for writ of superintending control to compel defendant to credit plaintiff with jail time served prior to sentence.[1]  In response to this Court's order to show cause why the writ should not issue, defendant filed answer and brief in support thereof.   On leave granted, defendant Womack appealed for the reasons that he was not given similar credit and because the sentencing judge failed to credit defendant with and reduce his statutory maximum sentence by time served on a prior void sentence.[2]   Both cases are considered on the merits.

---

[1] PA 1927, No 175, ch 9, § 11b, as added by PA 1965, No 73, CL 1948, § 769.11b (Stat Ann 1965 Cum Supp § 28.1083[2]), effective March 31, 1966, provides:
"Whenever any person is hereafter convicted of any crime within this State and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing." .

[2] CLS 1961, § 769.11a, as amended by PA 1965, No 67 (Stat Ann 1965 Cum Supp § 28.1083[1]), effective June 22, 1965, provides:
"Whenever any person has been heretofore or hereafter convicted of any crime within this State and has served any time upon a void sentence, the trial court, in imposing sentence upon conviction or acceptance of a plea of guilty based upon facts arising out of the earlier void conviction, shall in imposing the sentence specifically grant or allow the defendant credit against and by reduction of the statutory maximum by the time already served by such defendant on the sentence imposed for the prior erroneous conviction."

June 6, 1966, plaintiff Booker was sentenced to a term of 2 to 4 years for larceny in a building.[3] He spent 8 months in jail prior to sentence. Following pronouncement of sentence, the following appears in the transcript:

"*Mr. Caruso:* If the Court please, the defendant has called my attention to the fact that he's been in the county jail for a period —

"*The Court:* I took that into consideration on both these files. The record will show that.

"*Mr. Caruso:* Yes. Thank you.

"*The Court:* We always do that."

June 3, 1964, defendant Womack was sentenced to a term of 8 to 10 years for assault with intent to commit rape.[4] December 30, 1965, his motion for new trial was granted, and on April 21, 1966, he pleaded guilty to a lesser offense of felonious assault.[5] On the same day, he was sentenced to a term of 3 years and 112 days to 4 years and the order of sentence stated defendant was to be given credit for 1 year and 7 months served under the previous sentence and for 112 days spent in jail prior to retrial. July 21, 1966, the sentence of April 21, 1966 was amended to show a term of 1 to 4 years and that defendant had been given credit for time served on a void sentence and for time spent in jail prior to retrial. This amendment was made retroactive to April 21, 1966.

Since the sentence involved in each case was subsequent to March 31, 1966, there is no doubt that the provisions of PA. 1965, No 73, *supra,* apply. The language of the act is clear and unambiguous and states, "the trial court in imposing sentence *shall specifically grant credit against the sentence* for

---

3 CL 1948, § 750.360 (Stat Ann 1954 Rev § 28.592).
4 CLS 1961, § 750.85 (Stat Ann 1962 Rev § 28.280).
5 CL 1948, § 750.82 (Stat Ann 1962 Rev § 28.277).

such time served in jail prior to sentencing." The required specific grant of credit cannot be accomplished by the trial court stating he has considered the time spent in jail in arriving at the sentence pronounced nor by a statement that defendant has been given credit for such time. It must appear from the record that such specific grant of credit was made and the manner in which it was made. For example, the sentence of Booker would comply with the act if the trial judge had fixed the date of commencement of sentence as the date Booker was jailed for the offense which led to that sentence, or if after pronouncing sentence, the trial court had stated defendant was to receive 8 months credit against the sentence. In neither of the cases before us was PA 1965, No 73, *supra,* complied with.

The credit required is against the sentence. Sentence is defined as, "the judgment formally pronounced by the court or judge upon the defendant after his conviction in a criminal prosecution, awarding the punishment to be inflicted." Black's Law Dictionary (4th ed). If the sentence contains a minimum term and a maximum term, the credit required applies to both.

PA 1965, No 67, *supra,* provides, "the trial court * * * shall in imposing the sentence specifically grant or allow the defendant credit against and by reduction of the statutory maximum by the time already served by such defendant on the sentence imposed for the prior erroneous conviction." The act was in effect at the time Womack was sentenced April 21, 1966. Its language is clear and unambiguous. In order for the record to indicate compliance with the act, the record should show the statutory maximum term reduced by the time served on the prior erroneous conviction. In the case of Womack, "1 to 4 years, and the 4 years is reduced by 1 year

and 7 months served on your prior erroneous conviction."

The sentence in each case is set aside and each case is remanded to the trial court for resentencing pursuant to the provisions of the applicable statutes as interpreted by this opinion.

J. H. GILLIS and McGREGOR, JJ., concurred.