PEOPLE *v.* CHATTAWAY

1. CRIMINAL LAW—SENTENCE—CONSECUTIVE SENTENCES.
   A sentence for a crime may not generally be imposed to com-
   mence upon completion or expiration of another sentence.

2. CRIMINAL LAW—SENTENCE—TIME SERVED BY DEFENDANT BEFORE
   TRIAL—CREDIT—STATUTE.
   Statute requiring that any person convicted of a crime who has
   served time in jail before sentencing because of being denied
   bond or being unable to furnish bond must be given credit
   against the sentence for that time is remedial and should
   be liberally construed to effectuate the purposes sought to
   be achieved by the legislature in its enactment (MCLA
   § 769.11b).

3. CRIMINAL LAW—SENTENCE—TIME SERVED IN JAIL BEFORE SEN-
   TENCE—CREDIT—STATUTE—CONSTRUCTION—MULTIPLE CHARGES.
   Statute requiring that any person convicted of crime be given
   credit against his sentence for time served in jail before
   sentence was pronounced should not be construed to provide
   credit against only one sentence where defendant is in jail
   facing more than one untried charge; such a construction
   would improperly chill the right to a trial by encouraging
   the defendant to forego a trial on all the charges (MCLA
   § 769.11b).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 546 *et seq.*
[2–4] 21 Am Jur 2d, Criminal Law § 545.

4. CRIMINAL LAW—SENTENCE—TIME SERVED IN JAIL BEFORE SEN-
   TENCE WAS PRONOUNCED—CREDIT—STATUTE.

   Statute providing that a person convicted of crime who has
   served time in jail before sentencing because of being denied
   or being unable to furnish bond must be given credit against
   his sentence for that time entitles a convicted person to sen-
   tence credit without regard to the reason. why he was denied
   bond or was unable to furnish bond (MCLA § 769.11b).

Appeal from Recorder's Court of Detroit, Donald
S. Leonard, J.   Submitted Division 1 June 9, 1969,
at Detroit.   (Docket No. 6,150.)   Decided July 31,
1969.

Percival J. Chattaway pleaded guilty of conspira-
cy to utter and publish a false instrument, and was
sentenced to prison.   Defendant moved for an order
clarifying his sentence by crediting him with time
served in jail awaiting sentence.   Motion denied.
Defendant appeals.   Remanded for resentence.

*William   L.   Cahalan,*   Prosecuting   Attorney,
*Samuel J. Torina,* Chief Appellate Lawyer, and
*Luvenia D. Dockett,* Assistant Prosecuting Attor-
ney, for the people.

*Dominick R. Carnovale,* for defendant.

Before:  FITZGERALD, P. J., and LEVIN and T. M.
BURNS, JJ.

LEVIN, J.   The defendant was convicted on a plea
of guilty of the crime of conspiring to utter and
publish a false instrument.[1]   He appeals on leave
granted from an order denying his petition for
clarification of his sentence.   He claims that he

---

[1] MCLA §§ 750.249, 750.505 (Stat Ann 1962 Rev § 28.446; Stat
Ann 1954 Rev § 28.773).

was improperly denied credit for the time he spent in the county jail awaiting trial. In response, the people argue that the defendant received credit for the time he was in jail against the sentence imposed in another case and he is not entitled to "duplicate" credit against the sentence imposed in this case.

The relevant facts are:

|  | This Case | Other Case |
|---|---|---|
| Charge | (1) conspiracy to utter and publish, and | uttering and publishing |
|  | (2) uttering and publishing |  |
| Arraignment on complaint | Jan. 19, 1966 | Jan. 15, 1966 |
| Examination | Feb. 16, 1966 | Feb. 10, 1966 |
|  | Feb. 18, 1966 |  |
| Arraignment on information | Apr. 6, 1966 | Mar. 3, 1966 |
| Plea of guilty | Aug. 8, 1966 | July 7, 1966 |
|  | (plea to conspiracy to utter and publish) | (plea to attempt to utter and publish) |
| Date of sentence | Sept. 6, 1966 | July 22, 1966 |
| Sentence | 4-1/2 to 5 years | 2-1/2 to 5 years |
| Provision concerning credit for time served awaiting trial in the order of conviction and sentence or in the mittimus | "Given credit for time served in Wayne county jail." | "To be given credit for time served in Wayne county jail, 6 months." |

In both cases at the conclusion of each appearance (preceding sentence) by the defendant in court, the judge set bond at $1,000; however, bond was not set following the August 8, 1966 hearing in this case.

The relevant statute provides:

"Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing."

MCLA § 769.11b (Stat Ann 1969 Cum Supp § 28.1083 [2]).

Our Court has held that a statement by a trial judge while sentencing a convicted person that he took into consideration the time the convicted person spent in jail awaiting trial does not comply with the requirements of this statute. *Booker* v. *Judge of Recorder's Court* (1967), 7 Mich App 705, 709; *People* v. *Grandahl* (1969), 16 Mich App 221, 224, 225.

"The required specific grant of credit cannot be accomplished by the trial court stating he has considered the time spent in jail in arriving at the sentence pronounced nor by a statement that defendant has been given credit for such time. It must appear from the record that such specific grant of credit was made and the manner in which it was made. For example, the sentence of [the defendant] would comply with the act if the trial judge had fixed the date of commencement of sentence as the date [the defendant] was jailed for the offense which led to that sentence, or if after pronouncing sentence, the trial court had stated defendant was to receive 8 months credit against the sentence." *Booker* v. *Judge of Recorder's Court, supra*, p 709.

In Michigan, with exceptions not here relevant,[2] a sentence may not be imposed to commence upon completion or expiration of another sentence. *In re Carey* (1964), 372 Mich 378, 380.

In the absence of the quoted statutory provision one convicted following a trial and sentenced for precisely the same term as one convicted upon a plea of guilty would be made to serve a longer time in jail, *i.e.*, the time spent awaiting trial.[3]   Thus,

---

[2] See, *e.g.*, MCLA § 768.7a (Stat Ann 1954 Rev § 28.1030[1]); MCLA § 750.193 (Stat Ann 1962 Rev § 28.390).

[3] If the defendant in this case had pled guilty promptly after arraignment on the complaint he would, by reason of the concurrency of Michigan sentences, have obtained the benefit of credit for a

this statutory provision avoids unnecessary chilling of exercise of the right to trial.

This statutory provision is remedial and should be liberally construed to effectuate the salutary purposes sought to be achieved by the legislature in its enactment. *People* v. *Havey* (1968), 11 Mich App 69.[4] *Cf. Booker* v. *Judge of Recorder's Court, supra.* The construction of the statute which the people seek is in conflict with the legislative purpose as that construction would chill exercise of the right to trial by an accused person who, like the defendant, faces more than one untried charge.

The statute states that one who serves time in jail awaiting trial because he is "denied or unable to furnish bond for the offense of which he is convicted" is entitled to the sentence credit. In this case, before the defendant pled guilty he was "unable to furnish bond for the offense of which he [was] convicted" although it was set at a relatively low amount—$1,000. After he pled guilty, the defendant was "denied" bond.

The statute does not make the convicted person's right to sentence credit dependent on the reason why bond was denied or, if bond is set, the reason why he was unable to furnish bond. The fact that the defendant may have been unable to furnish bond in this case because even if he did so he might not have been released because of the pending charge in the other case and still other pending charges and related "holds"[5] or may have been

---

substantial portion of the nearly 9 months he spent in jail between his arraignment and sentencing.

[4] In the *Havey* case our Court ruled that a convicted person is entitled to credit against the sentence for time served in another State while he was awaiting extradition to Michigan to stand trial on the charge for which he was sentenced.

[5] The prosecutor's brief states that there were other charges pending against the defendant and "holds" filed by police departments in connection therewith.

denied bond after he pled guilty because he had been sentenced in the other case does not change (it is merely an explanation of) the fact that the defendant was at first "unable" to furnish bond and later was "denied" bond in this case.

Nor is there anything in the statute which makes relevant the fact that the consequence of granting credit in this case would be to give the defendant the benefit of the credit against the sentences imposed in both cases. In this connection we note that the sentence credit which the defendant obtained in the other case was of illusory benefit to him; since both sentences run concurrently, the shorter sentence in the other case was in practical effect absorbed by the longer sentence imposed in this case. If the defendant can only have credit against one sentence (as the people contend), surely he should receive the credit against the longer sentence imposed in this case, where it would be of value to him, rather than against the shorter sentence imposed in the other case where the credit was of no value to him.

We hold that the statute entitles a convicted person to sentence credit without regard to the reason why he was denied or unable to furnish bond. It is enough that he was not allowed to or could not furnish bond. The defendant in this case is entitled to credit for time served before sentencing even though he received credit for the time served against another sentence.

Remanded for the entry of an order correcting the order of conviction and sentence and the mittimus entered in this case in manner consistent with this opinion.

All concurred.