PEOPLE *v.* PRUITT

1. ESCAPE—CRIMINAL LAW—TIME SERVED—STATUTES.

    Prison escapes are included in the term "any crime" as used in the statute requiring that credit be granted to any person convicted of any crime who served jail time before sentencing because he was either denied bond or was unable to furnish bond for the offense of which he was convicted (MCLA §§ 750.193, 769.11b).

2. ESCAPE—CRIMINAL LAW—TIME SERVED—CREDIT.

    The credit to be granted to a person convicted of prison escape for time spent in jail before sentence for that offense is computed from the first date that bond could have been set for that offense even though he was ineligible at that time for release on bond in any amount because he was already serving a valid sentence when he escaped (MCLA §§ 750.193, 769.11b).

3. STATUTES—CONSTRUCTION—ABSURD CONSEQUENCES—LOGICAL ALTERNATIVES.

    Cardinal principles of statutory construction require the avoidance of "absurd consequences" where "logical alternatives" are available.

4. ESCAPE—PRISONS—CRIMINAL LAW—NEW TRIAL—BAIL—TIME SERVED—CREDIT.

    Defendant, whose escape from prison and apprehension occurred before he was granted a new trial for breaking and entering, the reason for his original imprisonment, was entitled to be credited with jail time served from the date on which a new trial for breaking and entering was granted since on that date he was presumptively innocent of breaking and entering and

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4, 5] 21 Am Jur 2d, Criminal Law §§ 140, 545.
[3] 50 Am Jur, Statutes §§ 377, 378.

his continued incarceration after that was attributable to the pending charge of prison escape on which he was entitled to bail because he was presumed to be innocent (MCLA §§ 750.193, 769.11b).

5. CRIMINAL LAW—PRISON ESCAPE—CONCURRENT SENTENCES—STATUTES.

The sentence for conviction of prison escape is an exception to the concurrent sentence requirement because the statute relating to escapes provides that prison escape shall be punishable by further incarceration to be served after the termination pursuant to law of any sentence or sentences then being served (MCLA § 750.193).

Appeal from Jackson, Gordon W. Britten, J. Submitted Division 2 March 4, 1970, at Lansing. (Docket No. 7,898.)    Decided April 29, 1970.

James Pruitt was convicted, on his plea of guilty, of escape from prison. Defendant appeals. Remanded for correction of time to be granted against defendant's sentence.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, *Paul R. Adams,* Chief Appellate Lawyer, and *Ronald E. Machnik,* Law Clerk, for the people.

*Hugh B. McVicker, Jr.,* for defendant.

Before: J. H. GILLIS, P. J., and DANHOF and O'HARA,* JJ.

O'HARA, J.    This is a case of statutory construction, and the application of the statute to agreed facts.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The accepted statement of fact is herewith set out.

"On April 6, 1968, the defendant and appellant was sentenced to a minimum term of 2–1/2 years and a maximum sentence of ten years from Wayne County on a breaking and entering charge. On July 6, 1968, while he was incarcerated in the State Prison of Southern Michigan at Jackson on the prior sentence, appellant escaped and was apprehended the same day." (Transcript p 9.)

"On September 13, 1968, an order was entered granting appellant a new trial on the breaking and entering charge." (Transcript p 3.) "On April 28, 1969, the breaking and entering charge was dismissed in Wayne County." (Transcript p 16.)

"On May 21, 1969, appellant entered a plea of guilty in the Circuit Court for the County of Jackson to the escape charge." (Transcript p 9.) "He was sentenced to a minimum term of one and one-half years and a maximum term of five years on May 29, 1969 with credit being given for 32 days, this being the time appellant spent in jail between April 28, 1969 when the breaking and entering charge was dismissed and the day of the sentencing." (Transcript p 16.)

Throughout the entire period of time involved, the appellant was held in jail without bond.

We deem it necessary to add to the agreed statement additional dates from the record in order to apply the statute properly.

"On July 26, 1968, defendant was arraigned before an Associate Municipal Judge of the city of Kalamazoo on a warrant which had been authorized on July 22. On September 16, 1968, there was a preliminary examination held before the Jackson Municipal Judge and defendant was bound over to the Circuit Court of Jackson County."

The involved statute provides:

"Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing." MCLA § 769.11b (Stat Ann 1970 Cum Supp § 28.1083 [2]), added by PA 1965, No 73, § 1, eff. March 31, 1966.

Stripped of all nonessentials the real question here presented is whether the above-quoted statute applies to a sentence imposed for conviction of the offense of prison escape** which can only be committed while the accused is already serving a presumptively valid sentence, and thus not eligible for release on bond in any amount on the latter charge, at the arraignment on the warrant or the complaint before the magistrate or upon the information in the circuit court.

We find no case heretofore decided which is precisely in point. Several are analogously applicable.

We discuss what we consider a question of first impression.

One manifest legislative intent of the credit-granting statute was to equalize as far as possible the status of the indigent and the less financially well-circumstanced accused with the status of the accused who can afford to furnish bail. It is arguable that this intent did not extend to a case where the equalization is meaningless because a pre-imposed sentence would require continuing incarceration irrespective of the ability of the defendant to furnish bond.

---

** MCLA § 750.193 (Stat Ann 1970 Cum Supp § 28.390).—RE-PORTER.

Contrariwise, it may also be contended that the statute is remedial and calls for a liberal interpretation. (See *People* v. *Chattaway* (1969), 18 Mich App 538, 542.) The logical extension of this argument would dictate that when the legislature used the terms "any crime" in the statute, the offense of prison escape was not excepted. Consequently, the credit to be granted should begin on the first date that bond could have been set for that offense despite the fact that the accused was ineligible for release on bond in any amount.

Either construction is possible within the wording of the statute.

It is a cardinal principle of statutory construction that "absurd consequences" are to be avoided if a "logical alternative" is available. (See *In re Wright*, 360 Mich 455, 459.)

We consider that placing a premium on prison escape under the involved statute does result in "absurd consequences." It is apparent that to grant appellant credit from the date of his arraignment on the warrant for prison escape July 26, 1968 would be an invitation to all inmates similarly circumstanced to attempt escape, then if apprehended and arraigned simply to indicate an inability to furnish bond. Automatically credit would of necessity be extended from the date of apprehension and arraignment to the date of sentencing for prison escape.

We think the "logical alternative" is that we compute the time from the date on which the accused could have *in fact* been released upon bond for the offense of prison escape.

When the defendant here was granted a new trial on the original breaking and entering charge on September 13, 1968, he stood before the law presumptively innocent of that offense. His continued

incarceration from that date became attributable to the pending charge of prison escape, since before the law he was presumed innocent on that charge also.

Hence, we must differ with the learned trial judge who allowed only 32 days credit for time spent in jail from the date on which the breaking and entering charge was *dismissed.* Rather we hold credit should have been extended from the date on which a *new trial* on the breaking and entering charge was *granted,* for the reasons heretofore discussed.

The holding in this case should be carefully distinguished from the holdings in *Chattaway, supra,* and *People* v. *Hall* (1969), 19 Mich App 95. As we pointed out earlier herein this is a case of first impression in that it involves the application of the credit-granting statute to a sentence imposed for prison escape.

*Nota bene: Hall* involved an accused who had escaped from the Detroit House of Correction where he was serving a state prison sentence. While at liberty he was arrested for armed robbery. Subsequently he was tried for and convicted of that offense. He was never charged with prison escape. The holding in *Hall* merely granted credit against the sentence Hall was serving when he escaped and the sentence imposed for the offense committed while he was at liberty after his escape. In *Hall,* this court quoted with approval from *Chattaway*:

" '* * * In this connection we note that the sentence credit which the plaintiff obtained in the other case was of illusory benefit to him; *since both sentences run concurrently,* the shorter sentence in the other case was in practical effect absorbed by the longer sentence imposed in this case. If the plaintiff can only have credit against one sentence (as the people contend), surely he should receive the credit

against the longer sentence imposed in this case, where it would be of value to him, rather than against the shorter sentence imposed in the other case where the credit was of no value to him.' " (P 101, emphasis supplied.)

The sentence for conviction of the offense of prison escape is an exception to the concurrent sentence requirement because of MCLA § 750.193 (Stat Ann 1970 Cum Supp § 28.390) providing in part that prison escape

"* * * shall be *punishable by further imprisonment to be served after the termination pursuant to law of any sentence* or sentences then being served." (Emphasis supplied.)

It necessarily follows that reasoning of the Court in *Chattaway* and *Hall* based on the concurrency of service of sentence is inapplicable to the instant case.

The case is remanded to the circuit court for correction of the time to be granted against the sentence. Credit will be extended from September 13, 1968 to May 26, 1969.

All concurred.