PEOPLE *v.* BROOKS

ESCAPE—TIME SERVED—CREDIT.

A prisoner returned to prison after an escape does not get credit against his sentence for escape from prison for the time served between the date of arrest and the date of sentencing for escape where he has not yet fully served the sentence under which he was originally incarcerated (MCLA §§ 750.193, 769.11b).

Appeal from Jackson, John C. Dalton, J. Submitted Division 2 April 8, 1971, at Lansing. (Docket No. 9837.) Decided April 29, 1971.

Jack D. Brooks was convicted, on his plea of guilty, of escape from prison. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *Paula O. Hosick,* Chief Appellate Attorney, for the people.

*Dennis E. Whedon,* for defendant on appeal.

Before: QUINN, P. J., and R. B. BURNS and Mc-GREGOR, JJ.

PER CURIAM. By this appeal, defendant seeks credit on his sentence for escape from prison,

REFERENCE FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 545.

MCLA § 750.193 (Stat Ann 1970 Cum Supp § 28-.390), for the period of time between the date of his arrest for escape and the date of his sentence therefor. It is defendant's position that he is entitled to the credit sought under the provisions of MCLA § 769.11b (Stat Ann 1970 Cum Supp § 28.1083[2]):

"Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing."

Defendant candidly admits that the relief he seeks is contrary to our holding in *People* v. *Pruitt* (1970), 23 Mich App 510, but he argues that *Pruitt* should be overruled.

We do not agree. *Pruitt* properly construed MCLA § 769.11b, *supra,* and *Pruitt* obviates further discussion of this case.

Affirmed.