PEOPLE v PASSALACQUA

ESCAPE—SENTENCE—TIME SERVED—CREDIT.

A defendant's sentence for prison escape is to start at the completion of the sentence he was serving at the time of his prison escape and he is not entitled to credit for the time spent in prison awaiting trial for escape (MCLA 750.193, 769.116).

Appeal from Ionia, Leo B. Bebeau, J. Submitted Division 3 June 5, 1973, at Grand Rapids. (Docket No. 16063.) Decided July 26, 1973. Leave to appeal applied for.

James Passalacqua was convicted, on his plea of guilty, of prison escape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Walter M. Marks,* Prosecuting Attorney, for the people.

*Joseph B. Szeremet,* Assistant State Appellate Defender, for defendant.

Before: R. B. BURNS, P. J., and FITZGERALD and O'HARA,* JJ.

R. B. BURNS, P. J. The defendant pled guilty to the offense of escape from the Michigan Reformatory in Ionia. MCLA 750.193; MSA 28.390. He was sentenced to a term of 17 months to 15 years, which was to commence at the end of the sentence

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 545.

27 Am Jur 2d, Escape, Prison Breaking, and Rescue §§ 6, 10, 12.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

he was serving at the time of his escape. The trial court did not give the defendant credit for the time he spent in prison awaiting trial on the escape charge.

Defendant claims the trial court erred by not allowing him credit for the time he spent in prison awaiting trial.

MCLA 769.11b; MSA 28.1083(2) states:

"Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing."

It has been held that the foregoing statute should be liberally construed. *People v Chattaway,* 18 Mich App 538; 171 NW2d 801 (1969); *People v Hall,* 19 Mich App 95; 172 NW2d 473 (1969).

However, an exception has been created in cases involving the offense of "prison escape". *People v Pruitt,* 23 Mich App 510; 179 NW2d 22 (1970).

The punishment for the offense of prison escape is an exception to the concurrent sentence requirement. MCLA 750.193; MSA 28.390 provides in part that prison escape "shall be * * * *punishable by further imprisonment * * * to be served after the termination, pursuant* to law, of any *sentence* or sentences then being served". (Emphasis supplied.)

In our opinion this statute means exactly what it says. The defendant's sentence for prison escape is to start at the completion of the sentence he was serving at the time of his prison escape.

Defendant is not entitled to credit for the time spent in prison awaiting trial.

Affirmed.

All concurred.