PEOPLE v PATTERSON

1. CRIMINAL LAW—SPEEDY TRIAL—CONSTITUTIONAL LAW.

   Whether a defendant's constitutional right to a speedy trial has been violated is determined on an ad hoc basis, examining several pertinent factors, including (1) the length of delay, (2) the reason for delay, (3) defendant's assertion of his right, and (4) prejudice to the defendant.

2. CRIMINAL LAW—SPEEDY TRIAL—CONSTITUTIONAL LAW.

   A defendant was not denied his constitutional right to a speedy trial where the length of delay between arrest and trial was 179 days, the trial judge scheduled the trial as soon as possible after the defendant demanded a speedy trial, the delay cannot be attributed to a deliberate or purposeful attempt to hamper the defense, and the defendant has not made a sufficient showing of prejudice resulting from the delay.

3. CRIMINAL LAW—SPEEDY TRIAL—TIME.

   Speedy trial claims are normally measured from arrest to trial where no pre-arrest delay is involved.

4. CRIMINAL LAW—SPEEDY TRIAL—CONSTITUTIONAL LAW.

   A period of six months has been established as the "triggering mechanism" in determining whether a delay is presumptively prejudicial and whether the remaining factors in the balance must be examined in a speedy trial claim (MCLA 767.38, 780.131).

5. CRIMINAL LAW—STATUTES—SENTENCE—CREDIT FOR TIME SERVED.

   The preferable construction of the statute which provides that "[w]henever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing", is to

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 21 Am Jur 2d, Criminal Law § 241 *et seq.*
[5, 6] 21 Am Jur 2d, Criminal Law §§ 533, 545, 606.

grant a defendant credit for time served from the date of arraignment to the date of sentencing (MCLA 769.11b).

6. CRIMINAL LAW—SENTENCE—CREDIT FOR TIME SERVED.

   A defendant sentenced for felonious assault while in prison was entitled to sentence credit for the period which he spent in prison between the date of his arraignment and his sentencing, even though that period of imprisonment was also credited against a sentence under a previous conviction.

Appeal from Jackson, Gordon W. Britten, J. Submitted Division 2 May 15, 1973, at Lansing. (Docket No. 16210.) Decided August 30, 1973. Leave to appeal granted, 391 Mich —.

Robert L. Patterson was convicted, on his plea of guilty, of felonious assault. Defendant appeals. Affirmed in part and modified in part.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *James M. Justin,* Chief Appellate Attorney, for the people.

*Stuart M. Israel,* Assistant State Appellate Defender, for defendant.

Before: FITZGERALD, P. J., and T. M. BURNS and ADAMS,* JJ.

FITZGERALD, P. J. On January 19, 1973, defendant Robert L. Patterson appealed as of right from a denial of a motion for retrial. On March 16, 1973, this Court, in acting upon a motion for peremptory reversal, agreed with defendant's position arguing that the sentence of three to four years was in violation of the indeterminate sentence act and accordingly issued an order reducing

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

defendant's minimum sentence to two years and eight months.[1]

Two questions remain for our consideration. Was defendant denied his constitutional right to a speedy trial? Is defendant entitled to credit for time served between arraignment and sentencing where a charge of felonious assault with intent to do great bodily harm was brought against him while incarcerated in Jackson prison?

On August 4, 1971, the Jackson County grand jury returned an indictment against defendant charging him with feloniously assaulting Edward Crothers with intent to do great bodily harm less than the crime of murder.[2] Both defendant and Crothers were inmates of Jackson prison at the time of the altercation, defendant serving a five-to ten-year sentence for breaking and entering. Formal arraignment on the grand jury indictment was conducted on August 10, 1971. Defendant issued a formal written demand for a speedy trial in this matter on October 28, 1971. A second count, felonious assault,[3] was added to the grand jury indictment, and on January 31, 1972, the Jackson County Circuit Court accepted defendant's plea of guilty to this lesser included offense.

On February 14, 1972, defendant moved to withdraw his plea of guilty, alleging the plea was the result of duress imposed upon him by being "segregated" in Jackson prison five months prior to the entry of the plea. At a hearing held on this motion, the trial court refused to allow the defendant to withdraw his guilty plea. On April 13, 1972, defendant was sentenced to a term of three to four years, commencing at the expiration of his exist-

---

[1] *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972).

[2] MCLA 750.84; MSA 28.279.

[3] MCLA 750.82; MSA 28.277.

ing sentence for breaking and entering. Credit was given defendant on this sentence from the date of the guilty plea, January 31, 1972. On July 21, defendant's court-appointed counsel moved for a new trial which was denied on January 8, 1973. This appeal followed.

Defendant first argues that he was denied his constitutional right to a speedy trial by the oppressive and prejudicial delay of 234 days between his arrest and trial. Because the majority of this period was spent in solitary confinement, defendant contends he was prejudiced in that his efforts to communicate with a key witness and to consult with counsel were hampered. We disagree.

The United States Supreme Court has established that all speedy trial claims will be approached on an ad hoc basis examining several pertinent factors to determine whether one's constitutional right to a speedy trial has been violated. These factors include, (1) the length of delay, (2) the reason for delay, (3) defendant's assertion of his right, and (4) prejudice to the defendant. *Barker v Wingo,* 407 US 514; 92 S Ct 2182; 33 L Ed 2d 101 (1972). Michigan decisions are in complete accord with *Barker,* having adopted this approach in *People v Grimmett,* 388 Mich 590, 601–607; 202 NW2d 278, 283–287 (1972); *People v Collins,* 388 Mich 680; 202 NW2d 769 (1972); and *People v Potts,* 46 Mich App 538; 208 NW2d 583 (1973).

The length of delay between arrest and trial in the instant case was 179 days. Defendant erroneously arrives at 234 days by calculating the period elapsed from the date of the offense, June 11, 1971, to the trial date. Where no pre-arrest delay is involved, speedy trial claims are normally measured from arrest to trial. Further, the delay

is reduced to 151 days since the circuit court judge acted on defendant's demand for a speedy trial on January 3, 1971, by scheduling the trial as soon as possible. The facts of this case indicate the delay has not been sufficiently long to warrant further inquiry as to the remaining considerations as outlined in *Barker, supra.* The Court stated at 407 US 530; 92 S Ct 2192; 33 L Ed 2d 117:

"The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance."

The period of six months has been established as the "triggering mechanism" in determining whether a delay is presumptively prejudicial and whether the remaining factors in the balance must be examined. MCLA 767.38; MSA 28.978, MCLA 780.131; MSA 28.969(1), *People v Collins, supra,* 689; 202 NW2d at 773. The length of delay is less than six months and is not sufficiently prejudicial to warrant further examination into the speedy trial claim. But were this not the case, the defendant would still be unsuccessful in arguing that he was denied his right to a speedy trial. The delay cannot be attributed to a deliberate or purposeful attempt to hamper the defense. Defendant's trial was promptly scheduled at the beginning of the January term. Owing to the full court calendar at the time the motion for speedy trial was made, this represented the first available opportunity to submit the case for trial. Finally, defendant has not made a sufficient showing of prejudice resulting from the delay. The key witness whose availability has been denied to defendant did not disappear. Either defendant or his attorney was free to talk with this witness prior to the entry of defendant's plea of guilty. These factors taken together

fail to establish that defendant has been denied his constitutional right to a speedy trial.

Our next inquiry is whether defendant is entitled to credit for the period of imprisonment between his arraignment and sentencing in this matter pursuant to MCLA 769.11b; MSA 28.1083(2). The trial court awarded credit on the felonious assault conviction from the date the guilty plea was entered. The people rely upon *People v Pruitt,* 23 Mich App 510; 179 NW2d 22 (1970), and *People v Brooks,* 33 Mich App 297; 189 NW2d 816 (1971), contending that the trial court did not err in failing to credit defendant for time spent in prison between the date of his arraignment and the date he entered his plea of guilty. Conversely, defendant argues that *People v Hall,* 19 Mich App 95; 172 NW2d 473 (1969), and *People v Lewis,* 42 Mich App 121; 201 NW2d 341 (1972), require that credit be received for the period of detention between defendant's arraignment and sentencing, a total of 247 days.

There currently exists a split of opinion on this Court as to whether credit should be received for a sentence imposed as the result of the defendant's committing a crime while in prison. The basis for these divergent positions rests in the interpretation given MCLA 769.11b; MSA 28.1083(2), which reads:

"Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing."

In *People v Pruitt, supra,* the defendant was apprehended and charged with prison escape while

serving a term in Jackson prison on a prior conviction. The Court denied defendant's contention that the amount of credit should be computed by measuring the time between the date of his arraignment and ultimate sentencing for his conviction of prison escape. Instead, the Court looked to the date upon which the accused could have *in fact* been released upon bond for the crime of prison escape as the point from which sentence credit should be granted. This interpretation renders the credit-granting statute inapplicable to the crime of prison escape since the apprehended escapee was validly incarcerated when the attempt was made and could not in fact post bond as an inmate of a penal institution. In support of this interpretation, the Court reasoned:

"We consider that placing a premium on prison escape under the involved statute does result in 'absurd consequences.' It is apparent that to grant appellant credit from the date of his arraignment on the warrant for prison escape July 26, 1968 would be an invitation to all inmates similarly circumstanced to attempt escape, then if apprehended and arraigned simply to indicate an inability to furnish bond. Automatically credit would of necessity be extended from the date of apprehension and arraignment to the date of sentencing for prison escape." 23 Mich App at 514; 179 NW2d at 25.

The *Pruitt* Court distinguished *People v Chattaway,* 18 Mich App 538; 171 NW2d 801 (1969), and *People v Hall, supra,* on the basis that the latter two cases involved credit on sentences imposed concurrently while the prison escape attempt in *Pruitt* imposed a consecutive sentence. A later case, *People v Brooks, supra,* relies wholly on the *Pruitt* decision. There, defendant was also denied credit for the period of time between his arrest

following a prison escape and the subsequent date of sentence. More recently, this Court again adopted the reasoning of *Pruitt* in *People v Holibaugh* (Docket No. 13907, decided April 27, 1973 [unreported]), in refusing to credit defendant with the period from arraignment to sentencing of the subsequent crime of prison escape. The Court adopted *Pruitt,* believing it to be the better-reasoned interpretation of the credit-granting statute with regard to its application to crimes committed while in prison.

*People v Lewis, supra,* advanced by defendant as a leading case in support of his position, held that a prison inmate convicted of carrying a concealed weapon[4] while serving a sentence for a prior conviction is entitled to be credited with time served for the period between arraignment and sentencing. It is conceded that defendant Patterson could not in fact have been released upon bond since he was incarcerated at the time the altercation occurred. It may also be argued that the grant of credit in *Lewis* could result in one of the "absurd consequences" sought to be avoided.[5] However, we think the preferable construction of MCLA 769.11b; MSA 28.1083(2) is to grant defendant credit for time served from the date of arraignment to the date of sentencing.

The credit-granting statute is considered remedial legislation and should be construed liberally. *People v Havey,* 11 Mich App 69, 81–82; 160 NW2d 629, 636 (1968); *People v Chattaway,* 18 Mich App 538; 171 NW2d 801 (1969); *People v Hall, supra;* and *People v Haines,* 24 Mich App 240; 180 NW2d 107 (1970). The Court in *Chatta-*

---

[4] MCLA 570.227; MSA 28.424.

[5] In this case, the grant of credit would presumably serve as an invitation for all inmates similarly circumstanced to attempt felonious assault with intent to do great bodily harm.

*way* enunciated this construction in stating at 543;
171 NW2d at 804:

> "We hold that the statute entitles a convicted person
> to sentence credit *without regard to the reason why he
> was denied or unable to furnish bond.* It is enough that
> he was not allowed to or could not furnish bond. The
> defendant in this case is entitled to credit for time
> served before sentencing even though he received credit
> for the time served against another sentence." (Empha-
> sis added.)

In *People v Hall, supra,* defendant was granted
sentence credit even though he could not have in
fact been released upon bond for the offense of
armed robbery since he was serving a presump-
tively valid sentence for a previous crime. In
adopting *Chattaway,* the Court held that sentence
credit received for an earlier conviction did not
negate the right to credit against the subsequent
armed robbery sentence.

This Court distinguished *Pruitt* from *Chattaway*
and *Hall* on the basis that the latter two cases
involved credit granted on concurrent sentences,
whereas the prison escape in *Pruitt* involved a
sentence imposed consecutively by statute. Yet
*Lewis* involved the carrying of a concealed
weapon, an offense for which a *consecutive* sen-
tence was imposed.[6] Thus, the distinction between
*Pruitt* and *Lewis* was not based upon whether the
sentence was imposed concurrently or consecu-
tively. The only possible distinction to be made is
the nature of the subsequent conviction involved,
sentence credit being granted for carrying a con-
cealed weapon and denied for prison escape. *Peo-
ple v Potts, supra,* inferred as much in stating:

> "We find such reasoning [arguments to deny sentence

---

[6] MCLA 768.7a; MSA 28.1030(1).

credit], although conforming to the letter of the statute [MCLA 769.11b; MSA 28.1083(2)], not in accordance with the construction given the statute in order to effectuate its purpose. *People v Chattaway,* 18 Mich App 538 [171 NW2d 801] (1969); *People v Hall,* 19 Mich App 95 [172 NW2d 473] (1969). Compare *People v Pruitt,* 23 Mich App 510 [179 NW2d 22] (1970), *whose holding was limited to the application of the credit-granting statute to a sentence imposed for prison escape."* (Emphasis added.) 46 Mich App at 550–551; 208 NW2d at 590.

However, *People v Holibaugh, supra,* declines to recognize the distinction between prison escape and any other crime committed while in prison.

Our decision to adopt the *Lewis* position is further supported by the doubtfulness of any absurd consequences resulting as envisioned by the *Pruitt* Court. To argue that prison escapes will be encouraged if sentence credit is awarded for a subsequent conviction ignores the fact that an inmate who escapes and is later apprehended faces the imposition of a consecutive sentence pursuant to MCLA 768.7a; MSA 28.1030(1). It is unlikely a prison inmate will risk additional jail time because he is aware sentence credit will be awarded on the consecutive sentence. Where a concurrent sentence is involved, the compelling logic of *People v Chattaway, supra,* at 543; 171 NW2d at 804, is persuasive.

"Nor is there anything in the statute which makes relevant the fact that the consequence of granting credit in this case would be to give the defendant the benefit of the credit against the sentences imposed in both cases. In this connection we note that the sentence credit which the defendant obtained in the other case was of illusory benefit to him; since both sentences run concurrently, the shorter sentence in the other case was in practical effect absorbed by the longer sentence imposed in this case. If the defendant can only have

credit against one sentence (as the people contend), surely he should receive the credit against the longer sentence imposed in this case, where it would be of value to him, rather than against the shorter sentence imposed in the other case where the credit was of no value to him."

The people attempt to distinguish *Hall* from the instant case by restricting its applicability to sentences imposed concurrently. This distinction is of doubtful significance and we agree with the *Lewis* court in granting credit, although a consecutive sentence was involved. Rather than have a shorter existing sentence absorbed by a subsequent longer one, defendant Patterson was nevertheless denied credit for the time spent in jail prior to his subsequent conviction and sentence. The court, did not differentiate between concurrent and consecutive sentences, but instead looked to defendant's inability to furnish bail as being sufficient to invoke the credit-granting statute.

Finally, the practical effect of granting sentence credit to prison inmates who commit a crime while in prison will be minimal. In the exercise of their discretion, circuit court judges may impose sentences taking into consideration the sentence credit to which the defendant is entitled. We think it preferable to give effect to the remedial nature of the credit-granting statute and rely upon judicial discretion to impose sentencing rather than to deny defendant the sentence credit to which he is entitled.

No purpose will be served by remanding this case for resentencing. It is ordered that defendant's sentence be amended specifically granting credit for the 247-day period between arraignment and sentencing.

Affirmed in part and modified in part.

All concurred.