PEOPLE v PATTERSON

1. CRIMINAL LAW—SENTENCES—CREDIT FOR TIME SERVED—PRIOR CRIME.

Credit cannot be granted for the pretrial incarceration of a defendant serving a prison sentence arising from a prior crime.

2. CRIMINAL LAW—CONSECUTIVE SENTENCES—SUBSEQUENT SENTENCE —PRIOR SENTENCE.

The Legislature, in providing for consecutive sentences, intended that the subsequent sentence must be served after the termination of the prior sentence.

3. CRIMINAL LAW—JAIL CREDIT STATUTE—CONSECUTIVE SENTENCES— SENTENCES—CREDIT FOR TIME SERVED—PRIOR SENTENCE.

The wording of the jail credit statute as a whole clearly refers to bond "for the offense of which he is convicted" and viewed together with the statute providing for discretionary consecutive sentencing and particularly with the words "[t]he term of sentence imposed for such crime may * * * commence * * * at the expiration of the term or terms of sentence which such person is serving * * * in any penal or reformatory institution in this state", the reasonable interpretation must be that which the statutes state very clearly; the sentence for the offense of which he is convicted begins at the expiration of the term or terms of sentence which such person is serving; the prisoner is entitled to no credit for the time he is already obliged to serve under his prior sentence (MCLA 768.7a, 769.11b).

Appeal from Court of Appeals, Division 2, Fitzgerald, P. J., and T. M. Burns and Adams, JJ., affirming in part and modifying in part Jackson, Gordon W. Britten, J. Submitted June 6, 1974. (No. 19 June Term 1974, Docket No. 55,220.) Decided June 25, 1974.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 21 Am Jur 2d, Criminal Law §§ 533, 543, 545, 606.

49 Mich App 269 reversed in part.

Robert L. Patterson was convicted, on his plea of guilty, of felonious assault. Defendant appealed to the Court of Appeals. Affirmed in part and modified in part. Defendant appeals. Reversed in part.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *James M. Justin,* Assistant Prosecuting Attorney, for the people.

*State Appellate Defender Office* (by *Stuart M. Israel),* for defendant on appeal.

M. S. COLEMAN, J.

## *FACTS*

On June 11, 1971, defendant stabbed a fellow inmate at the State Prison of Southern Michigan. Defendant was charged with assault with intent to do great bodily harm less than murder. Defendant was then serving a five to ten year sentence for breaking and entering.

The indictment was returned by the Jackson County grand jury on August 4, 1971. Arraignment was held August 10, 1971. A guilty plea for an added count of felonious assault was entered on January 31, 1972. A motion to withdraw guilty plea, which alleged the plea was the result of duress, was denied on February 14, 1972. On April 13, 1972 defendant was sentenced to a term of three to four years (later the three years was reduced by the Court of Appeals to two years eight months), commencing at the expiration of his existing sentence for breaking and entering. Credit

was given on this sentence from the date of the guilty plea.

The Court of Appeals affirmed the conviction but gave defendant credit on his second sentence for the time spent in prison between his arraignment and plea of guilty. The matter was heard in this Court on June 6, 1974.

## ISSUE

Whether a defendant already in prison under sentence for another crime is entitled to credit on a subsequent sentence for time spent in prison between arraignment and sentencing when said second sentence is consecutive.[1]

## STATUTES

The statute governing credit for pretrial incarceration to be applied against subsequent sentences, MCLA 769.11b; MSA 28.1083(2), provides:

"Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing."

The opinions of Court of Appeals panels are split over the interpretation of this statute.

MCLA 768.7a; MSA 28.1030(1) provides for discretionary consecutive sentencing:

"Any person who is now or hereafter incarcerated in

[1] The Court of Appeals decision, *People v Patterson,* 49 Mich App 269; 212 NW2d 22 (1973), found no merit in defendant's contention that he was not afforded a speedy trial. This issue was not appealed or addressed by either party.

any penal or reformatory institution in this state, or who escapes from such institution, and commits a crime punishable by imprisonment in any penal or reformatory institution in this state shall, upon conviction thereof, be subject to sentence therefor in the manner provided by law for such crimes. The term of sentence imposed for such crime may, at the discretion of the court pronouncing judgment in such cause, commence forthwith or at the expiration of the term or terms of sentence which such person is serving or has theretofore become liable to serve in any penal or reformatory institution in this state.

"The powers conferred upon the court of this section shall be deemed to be supplementary to any other power conferred by law."

## DISCUSSION

The arguments of importance basically revolve around the "plain meaning" of the jail credit statute and the legislative intent of providing for consecutive sentencing under the instant factual situation.

On the one hand, it is contended that "jail" means "jail", not "prison", as described in the Michigan criminal code. On the other hand, it is contended that "jail" means incarceration.

Likewise, it is argued that the statute was designed to require credit only for those who would have been free except for financial inability to furnish bond and thereby to preserve some equality of treatment.

Conversely defendant argues that his incarceration was "because of", "by reason of" or "on account of" his inability to furnish bond. His prior conviction is merely an explanation of his inability to furnish bond. Therefore, he alleges his incarceration was "because of" his inability to post bond

for the offense of which he was subsequently convicted.

Each party urges the "plain meaning" of the statute is supportive of his view. Each rely upon Court of Appeals cases.

## MICHIGAN CASE LAW RE: "ABILITY TO FURNISH BOND"

The state relies heavily upon *People v Brooks,* 33 Mich App 297; 189 NW2d 816 (1971) and *People v Pruitt,* 23 Mich App 510; 179 NW2d 22 (1970). In *Pruitt,* in the context of sentencing subsequent to a prison escape, the Court said:

"We discuss what we consider a question of first impression.

"One manifest legislative intent of the credit-granting statute was to equalize as far as possible the status of the indigent and the less financially well-circumstanced accused with the status of the accused who can afford to furnish bail. It is arguable that this intent did not extend to a case where the equalization is meaningless because a preimposed sentence would require continuing incarceration irrespective of the ability of the defendant to furnish bond.

\* \* \*

"It is a cardinal principal of statutory construction that 'absurd consequences' are to be avoided if a 'logical alternative' is available. (See *In re Wright,* 360 Mich 455, 459 [104 NW2d 509 (1960)]).

"We consider that placing a premium on prison escape under the involved statute does result in 'absurd consequences.' It is apparent that to grant appellant credit from the date of his arraignment on the warrant for prison escape July 26, 1968 would be an invitation to all inmates similarly circumstanced to attempt escape, then if apprehended and arraigned simply to indicate an inability to furnish bond. Automatically credit would of necessity be extended from the date of

apprehension and arraignment to the date of sentenc-
ing for prison escape.

"We think the 'logical alternative' is that we compute
the time from the date on which the accused could have
*in fact* been released upon bond for the offense of prison
escape."

Defendant relies heavily upon *People v Lewis,*
42 Mich App 121; 201 NW2d 341 (1972), *People v
Hall,* 19 Mich App 95; 172 NW2d 473 (1969),
*People v Chattaway,* 18 Mich App 538; 171 NW2d
801 (1969). *Lewis* and *Hall* depend upon *Chatta-
way,* in which the Court of Appeals said:

"The statute does not make the convicted person's
right to sentence credit dependent on the reason why
bond was denied or, if bond is set, the reason why he
was unable to furnish bond. The fact that the defendant
may have been unable to furnish bond in this case
because even if he did so he might not have been
released because of the pending charge in the other
case and still other pending charges and related 'holds'
or may have been denied bond after he pled guilty
because he had been sentenced in the other case does
not change (it is merely an explanation of) the fact that
the defendant was at first 'unable' to furnish bond and
later was 'denied' bond in this case.

\* \* \*

"We hold that the statute entitles a convicted person
to sentence credit without regard to the reason why he
was denied or unable to furnish bond. It is enough that
he was not allowed to or could not furnish bond. The
defendant in this case is entitled to credit for time
served before sentencing even though he received credit
for the time served against another sentence."

There is no prior decision of this Court which
has addressed the issue set forth above.

### THE CASE AT BAR

This Court agrees with the prosecutor that
credit cannot be granted for the pretrial incarcera-

tion of defendant serving a prison sentence arising from a prior crime.

A reasonable interpretation of the legislative intent and the public purpose served cause the words to become more than just objects to be deployed as counsel would wish.

Under defendant's theory, consecutive sentencing would have little meaning. It is possible that a prisoner could engage the trial court in enough pretrial motions or other legal gambits designed to delay the trial date, so that he would not be required to serve any time on his consecutive sentence.

In providing for consecutive sentences, the Legislature intended that the subsequent sentence must be served after the termination of the prior sentence. The Court of Appeals held in two recent prison escape cases that presentence credit is not available to a defendant sentenced to a consecutive term of imprisonment, *People v Passalacqua,* 48 Mich App 634; 211 NW2d 59 (1973) and *People v Bachman,* 50 Mich App 682; 213 NW2d 800 (1973).

*Passalacqua* held that a mandatory consecutive sentencing statute for escape "means exactly what it says" and, therefore, the entire consecutive sentence for escape must be served at the expiration of the prior term, without a grant of credit. The *Bachman* Court noted that sentences imposed for escape must be consecutive and thus are to be served after the termination of prior prison sentences. To that extent the rationale of the two cases is pertinent to this case.

In this case, the defendant was convicted of felonious assault. He was not sentenced under a statute providing for a mandatory consecutive sentence; rather, he was sentenced under a statute which allows the sentencing judge to impose either a consecutive or a concurrent sentence. The basic reasoning, however, is the same. The purpose of

the consecutive sentencing provision in either prison escape or other subsequent crimes would be defeated were we to hold otherwise.

## CONCLUSION

Although this issue has been before the Court of Appeals on several occasions and has resulted in a conflict of opinions of the several panels, this review is the first granted by this Court.

The wording of the jail credit statute as a whole clearly refers to bond "for the offense of which he is convicted". Viewed together with MCLA 768.7a; MSA 28.1030(1) *supra* and particularly with the words, "[t]he term of sentence imposed for such crime may * * * commence * * * at the expiration of the term or terms of sentence which such person is serving * * * in any penal or reformatory institution in this state", the reasonable interpretation must be that which the statutes state very clearly. The sentence for the offense of which he is convicted begins at the expiration of the term or terms of sentence which such person is serving. The prisoner is entitled to no credit for the time he is already obliged to serve under his prior sentence.

As to this issue, the Court of Appeals is reversed.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH, SWAINSON, WILLIAMS, and LEVIN JJ., concurred with M. S. COLEMAN, J.

J. W. FITZGERALD, J., did not sit in this case.