PEOPLE v BROWN

ESCAPE—CRIMINAL LAW—PRISON ESCAPE—SENTENCING—SENTENCE
CREDIT.

A defendant who is sentenced for the crime of prison escape,
where such sentence is to be served consecutively with the
sentence being served at the time of the offense, is not entitled
to credit for time served while awaiting sentence for the escape.

Appeal from Jackson, Gordon W. Britten, J.
Submitted Division 2 February 11, 1975, at Lansing. (Docket No. 20012.) Decided February 25,
1975.

Douglas E. Brown was convicted, on his plea of
guilty, of prison escape. Defendant appeals. Affirmed, with provision of sentence granting sentence credit vacated.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Bruce A. Barton,*
Prosecuting Attorney, and *James M. Justin,* Assistant Prosecuting Attorney, for the people.

*Dennis H. Benson,* Assistant State Appellate
Defender, for defendant.

Before: DANHOF, P. J., and BRONSON and M. F.
CAVANAGH, JJ.

PER CURIAM. Defendant was charged with prison
escape contrary to MCLA 750.193; MSA 28.390,
and thereafter pled guilty to that charge before

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 140, 545.

Jackson County Circuit Court Judge Gordon W. Britten. On January 17, 1974, Judge Britten sentenced defendant in the following manner:

"Mr. Brown—the sentence of the Court is that you serve a term of ten months to be consecutive to the sentence being served at the time of your escape, with credit from October 28, 1973, to date of your arrest, under the mandate of *People v Patterson.* It is the understanding of the Court that the Department of Corrections does not honor that decision."

Defendant appeals as of right. The people have filed a motion to affirm pursuant to GCR 1963, 817.5(3).

On appeal, defendant argues that Judge Britten relied on language contained in this Court's opinion in *People v Patterson,* 49 Mich App 269; 212 NW2d 22 (1973), to the effect that the sentencing judge could take into consideration sentence credit in fixing sentence and, accordingly, he increased defendant's sentence to reflect the sentence credit which he felt compelled to grant. Subsequent to the imposition of sentence in this case, the Supreme Court reversed this Court's holding in *Patterson* and held that the sentence credit statute does not apply to consecutive sentences imposed for crimes committed while in prison. See *People v Patterson,* 392 Mich 83; 219 NW2d 31 (1974).

Clearly, the provision of the judgment of sentence granting sentence credit was erroneous; therefore, said provision of the judgment of sentence is hereby vacated. It is equally clear that Judge Britten did not consider the sentence credit in fixing sentence, since he was aware that the Department of Corrections was not honoring the sentence credit provisions of judgments of sentence for prison escapes.

Defendant's other issue is without merit in light of *People v Milton,* 393 Mich 234; 224 NW2d 266 (1974).

Since the questions sought to be reviewed are so unsubstantial as to need no argument or formal submission, the motion to affirm is granted.