PEOPLE v DAVIS

Docket No. 77-2040. Submitted August 31, 1978, at Lansing.—Decided November 7, 1978.

Robert A. Davis was convicted, on his plea of guilty, of armed robbery, Ingham Circuit Court, Thomas L. Brown, J. In exchange for the guilty plea, several other pending charges against the defendant were dismissed. At sentencing, the defendant was given credit for time served on the armed robbery but not for the time served on the charges which were dismissed. Defendant appeals, alleging that the failure of the trial court to grant credit for time served on the dismissed charges was error. *Held:*

The trial court erred by not granting credit for time served on the dismissed charges. The statute which requires that a defendant be given credit for jail time served while awaiting trial is to be liberally construed in accordance with its remedial purpose, which is to put an accused who cannot post bail because of his indigency on an equal status with his counterpart who can. The only way to equalize the total prison time of the defendant who posted bond and received no punishment on the dismissed charges is to grant the jailed defendant credit on his sentence for jail time served on all the dismissed charges.

Affirmed; sentence modified.

1. Criminal Law—Sentencing—Statutes—Credit for Time Served.

A statute which provides that a defendant be given credit for jail time served while awaiting trial is to be liberally construed in accordance with its remedial purpose, which is to put an accused who cannot post bail because of his indigency on an equal status with his counterpart who can (MCL 769.11b; MSA 28.1083[2]).

2. Criminal Law—Sentencing—Plea of Guilty—Credit for Time Served.

A defendant who was arrested on several charges and who pleads guilty on one charge in exchange for dismissal of the others is

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 545, 547-551.
Right to credit for time spent in custody prior to trial or sentence. 77 ALR3d 182.

entitled to receive credit for the time served on the charges which are dismissed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, *Michael G. Woodworth,* Chief Appellate Attorney, and *Lawrence P. Schneider,* Assistant Prosecuting Attorney, for the people.

*Reid & Reid, P.C.* (by *Lawrence J. Emery),* for defendant on appeal.

Before: DANHOF, C.J., and BRONSON and M. F. CAVANAGH, JJ.

PER CURIAM. Defendant entered into a plea bargain with the prosecution in which he pled guilty to the crime of armed robbery, MCL 750.529; MSA 28.797, in exchange for the dismissal of numerous other pending charges. At sentencing, defendant was given credit for time served on the armed robbery charge on which he was convicted, but not for the time served on the other charges which were dismissed as a result of his guilty plea. Defendant contends that the failure to grant credit for time served on these dismissed charges is a violation of MCL 769.11b; MSA 28.1083(2). We agree.

This Court has stated on numerous occasions that this jail credit statute is to be liberally construed in accordance with its remedial purpose. See, *e.g., People v Lyles,* 76 Mich App 688; 257 NW2d 220 (1977), *People v Finn,* 74 Mich App 580; 254 NW2d 585 (1977); *People v Chattaway,* 18 Mich App 538; 171 NW2d 801 (1969). This purpose "is to put an accused who cannot post bail due to his indigency on an equal status with his counterpart who can". *People v Andrews #1,* 52 Mich App 719, 726; 218 NW2d 379 (1974), *rev'd on other*

*grounds,* 392 Mich 775; 220 NW2d 36 (1974). Accord, *People v Pruitt,* 23 Mich App 510, 513; 179 NW2d 22 (1970).

Applying these precepts to the present case, it becomes clear that defendant must be given credit for time served on the charges dismissed as a result of the guilty plea. A defendant arrested on numerous charges who posts bond on all the charges and subsequently pleads guilty to one charge in return for a dismissal of the rest receives no punishment on the dismissed charges. Consequently, in accordance with the purpose behind the jail credit statute, a defendant similarly situated except for his inability to post bond must also suffer no punishment on the dismissed charges. Since he has already served time on these charges, the only way he can again be placed on an equal footing with his counterpart is to be given credit for the time served on all the charges encompassed by the guilty plea, including those which were dismissed.

In the present case this was not done. Thus, pursuant to GCR 1963, 820.1(7), defendant shall be given an additional credit of 119 days, computed as follows: 20 days for the time served on the dismissed possession of heroin charge, and 99 days on the dismissed pandering charge.

Affirmed as modified.