PEOPLE *v.* WILSON.

1. CRIMINAL LAW—TWICE IN JEOPARDY—ELEMENTS.
   *Twice in jeopardy,* as prohibited by the Constitution, requires successive subjection to jeopardy and the offense must be the same in each instance (US Const, Am 5; Mich Const 1963, art 1, § 15).

2. SAME—OFFENSE—IDENTITY.
   One act may constitute several offenses.

3. SAME—ESCAPE—OFFENSES.
   Escape from prison constitutes a criminal offense under a statute punishing escape as a felony, and is also an offense against prison rules (CLS 1961, §§ 750.193, 800.33).

4. SAME—TWICE IN JEOPARDY.
   An acquittal or conviction of an offense is not a bar to prosecution for another offense unless the latter is a necessary element in and part of the former, so as to put the individual involved twice in jeopardy.

5. SAME—ESCAPE—TWICE IN JEOPARDY—STATUTES—PRISON RULES.
   Punishment for the crime of escape from prison as a felony by sentence to an additional term, and forfeiture of accrued good time by prison warden pursuant to statute for same act of

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 165, 166.
[2] 21 Am Jur 2d, Criminal Law § 189.
[3, 5, 7] 21 Am Jur 2d, Criminal Law §§ 169, 182, 189.
[4] 21 Am Jur 2d, Criminal Law § 182.
[6] 21 Am Jur 2d, Criminal Law §§ 165, 166, 169, 171.

escape *held,* not subjection to jeopardy twice for same offense because act of escape constitutes offense against statute and also against prison rules (CLS 1961, §§ 750.193, 800.33).

6. SAME—JEOPARDY.

Jeopardy requires criminal prosecution in a court of justice.

7. SAME—TWICE IN JEOPARDY—STATUTES—ADMINISTRATIVE LAW AND PROCEDURE—ESCAPE.

Defendant convicted of felony of escape and given additional term therefor, whose accrued good time earned before escape is forfeited by prison warden pursuant to statute, has not been put twice in jeopardy for offense of escape because forfeiture proceeding is not prosecution, but administrative procedure (CLS 1961, §§ 750.193, 800.33).

Appeal from Jackson; Simpson (John), J. Submitted Division 2 December 7, 1966, at Lansing. (Docket No. 908.) Decided April 13, 1967.

John L. Wilson was convicted of escaping from prison. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James G. Fleming,* Prosecuting Attorney, and *Michael J. McGann,* Assistant Prosecuting Attorney, for the people.

*Hal W. Ziegler,* for defendant.

T. G. KAVANAGH, P. J. On July 24, 1964, the defendant, John L. Wilson, while incarcerated at the State prison for southern Michigan walked away from Camp Lehman, a trusty camp, to which he had been assigned. Thereafter he was arrested in the State of Arkansas and returned to southern Michigan prison at which time he was notified that the prison warden had ordered the forfeiture of the good time which he had earned under the provisions of CLS 1961, § 800.33 (Stat Ann 1954 Rev § 28.1403). Subsequently an information charging him with the

criminal offense of escape from prison under CLS 1961, § 750.193 (Stat Ann 1962 Rev § 28.390) was filed and upon his appearance in Jackson county circuit court on March 11, 1965, he moved to dismiss the charge, maintaining that prosecution under it would constitute double jeopardy in view of the forfeiture of his good time by the prison authorities. The motion was denied and he entered a plea of guilty.

This appeal asserts as error the trial court's denial of his motion and its ruling that prosecution did not constitute double jeopardy.

Article 1, § 15 of the Michigan Constitution of 1963 provides:

"No person shall be subject for the same offense to be twice put in jeopardy."

Amendment 5 of the United States Constitution makes the same provision but adds the words "of life or limb."

Thus under either Constitution there are two elements in this interdict: (1) There must be successive subjection to "jeopardy" and (2) in each instance the offense must be the same.

In determining the identity of the offense it must be kept in mind that one act may constitute several offenses. For example, under proper circumstances the one act of a man robbing a store could properly support successive prosecutions for two offenses involved in the same act: armed robbery and carrying a concealed weapon.

Unless the offense is a necessary element in and part of another, an acquittal or conviction of one is not a bar to prosecution for the other.

Here we deem the one act of escape as constituting a criminal offense under the statute cited, as well as an offense against the rules of the prison evoking the forfeiture provisions of the good time statute

above cited. Thus, in our view, the lack of identity of the offenses is destructive of the defendant's position.

But we also conclude that under the circumstances of this case there was no successive subjection to jeopardy.

The word "jeopardy" as used in the Constitution has always been used in a manner consonant with the following definition:

"The danger of conviction and punishment which the defendant in a criminal action incurs when a valid indictment has been found, and a petit jury has been impaneled and sworn to try the case and give a verdict in a court of competent jurisdiction." Black's Law Dictionary (4th ed 1951), p 969.

The Michigan Supreme Court has consistently held that "jeopardy" requires criminal prosecution in a court of justice. See *People* v. *Powers* (1935), 272 Mich 303, 307, and *People* v. *Tillard* (1947), 318 Mich 619, 623.

Here the procedure whereby the defendant's good time was forfeited was conducted as the statute requires, in an administrative proceeding and not in a criminal proceeding in a court of justice.

Affirmed.

J. H. GILLIS and McGREGOR, JJ., concurred.