PEOPLE *v.* SHASTAL

1. ESCAPE—PRISONS—GOOD TIME—FORFEITURE.
   A prisoner's good time may be forfeited by special order of the warden, in an administrative hearing, for any escape or attempt to escape.

2. CRIMINAL LAW—JEOPARDY—CRIMINAL PROSECUTION.
   Jeopardy requires criminal prosecution in a court of justice.

3. CRIMINAL LAW—DOUBLE JEOPARDY—PRISON ESCAPE—GOOD TIME.
   Double jeopardy did not result when a defendant was tried for prison escape and his good time in prison was forfeited by a special order of the warden in an administrative hearing for the same prison escape, because in order for jeopardy to attach there must be a criminal prosecution in a court of justice.

4. CRIMINAL LAW—PRELIMINARY EXAMINATION—DELAY.
   A delay of 14 days between the defendant's arraignment and his preliminary examination did not deprive the defendant of his right to a speedy examination where the delay was caused by the defendant himself and was too short to have been prejudicial (MCLA § 766.4).

5. CRIMINAL LAW — PLEA OF GUILTY — COERCION — HABITUAL OFFENDER.
   Prosecutor's statement to defendant's counsel that he would have no choice but to ask to have the defendant sentenced as a

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3]  27 Am Jur 2d, Escape, Prison Breaking and Rescue § 20.
   45 Am Jur, Prisons and Prisoners § 45.
[2]  21 Am Jur 2d, Criminal Law § 169.
[4]  21 Am Jur 2d, Criminal Law § 445.
[5]  42 Am Jur, Prosecuting Attorneys § 20.
[6]  21 Am Jur 2d, Criminal Law §§ 525, 533.
[7]  21 Am Jur 2d, Criminal Law § 536.
[8]  39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 5.

habitual offender was not a threat to induce the defendant to plead guilty where the statement was made in response to defense counsel's question, where the defendant, who had indicated that he would plead guilty, had, before the statement was made, refused to plead guilty and had demanded a preliminary examination, and where the statement did not prejudice the defendant because he did not plead guilty and was tried and convicted by a jury.

6. CRIMINAL LAW—SENTENCING—DISCRETION.

A trial judge has great discretion in sentencing within the statutory minimum and maximum sentence.

7. CRIMINAL LAW—SENTENCING—PREJUDICE.

Sentence of five to ten years for prison escape imposed on a defendant who was convicted as a habitual offender did not show prejudice even though another prisoner, who escaped from prison with the defendant, who had three previous felony convictions, who pled guilty, and who was not charged as a habitual offender, was sentenced to one and one-half years to five years where the defendant could have, in accordance with the applicable statutes, been sentenced to a maximum of ten years.

8. CRIMINAL LAW—HABITUAL OFFENDER—CONSTITUTIONAL LAW—DOUBLE PUNISHMENT—STATUTE.

The habitual offender act is not unconstitutional on the ground that a defendant sentenced pursuant to it is being punished twice for the same crime because the statute punishes the subsequent offense more harshly, not the first offense; the statute is not *ex post facto*.

Appeal from Ionia, Leo B. Bebeau, J. Submitted Division 3 May 6, 1970, at Grand Rapids. (Docket No. 7,778.) Decided August 28, 1970.

John Shastal, Jr., was convicted of escaping from prison and was sentenced as a third offender. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, and *Walter M. Marks*, Prosecuting Attorney, for the people.

*John L. McNamara*, for defendant on appeal.

Before:   Holbrook, P. J., and Bronson and
Munro,* JJ.

Per Curiam.   Defendant was convicted by a jury
of escaping from prison, a violation of MCLA §
750.193 (Stat Ann 1962 Rev § 28.390), and was sen-
tenced as a third offender pursuant to MCLA §
769.11 (Stat Ann 1954 Rev § 28.1083).   Defendant
was sentenced to five to ten years in prison based
on the supplemental charge contained in the infor-
mation.

Defendant was arrested and arraigned on the
warrant on March 10, 1969.   He appeared in circuit
court the next day when counsel was appointed for
him.   He evidenced a desire to plead guilty to the
crime of escaping from the reformatory, but when
he appeared in circuit court to plead, changed his
mind and demanded preliminary examination and
trial.   At this time, the prosecuting attorney is al-
leged to have indicated that he would probably "sup-
plement" defendant, meaning he would file a supple-
mental information charging him with the two prior
felony convictions and request sentencing pursuant
to the habitual offender act.

An examination was held on March 24, 1969, and
defendant was bound over for trial.   The jury trial
resulted in conviction and, after the jury was ex-
cused, the supplemental information was filed.   De-
fendant admitted the prior convictions and was sen-
tenced accordingly.   He urges several grounds for
reversal, none of which have any merit.

Defendant contends that he was subjected to
double jeopardy in that his accumulated "good time"
earned at the reformatory was forfeited as a result
of his escape and that he was convicted in court of
the "same offense".   MCLA § 800.33 (Stat Ann 1954

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Rev § 28.1403) provides that a prisoner's good time may be forfeited by special order of the warden for any escape or attempt to escape. The crime of escaping from prison is a felony determinable only in a court of law. As this Court said in *People* v. *Wilson* (1967), 6 Mich App 474, 477:

"The Michigan Supreme Court has consistently held that 'jeopardy' requires criminal prosecution in a court of justice. See *People* v. *Powers* (1935), 272 Mich 303, 307, and *People* v. *Tillard* (1947), 318 Mich 619, 623.

"Here the procedure whereby the defendant's good time was forfeited was conducted as the statute requires, in an administrative proceeding and not in a criminal proceeding in a court of justice."

Defendant was not subjected to double jeopardy as the procedure whereby defendant's good time was forfeited was conducted as the statute requires, in an administrative proceeding and not in a criminal proceeding in a court of justice.

Defendant next contends that the delay of 14 days between his arraignment and the preliminary examination deprived him of his right to a speedy examination as required by MCLA § 766.4 (Stat Ann 1954 Rev § 28.922). At most, the delay could only have been two days beyond the statutory period and, in all probability, was well within that period. The delay, if any, was caused by defendant himself and was too short to have been prejudicial. *People* v. *Wickham* (1968), 13 Mich App 650.

Defendant contends that upon his refusal to plead guilty as he indicated he would do and his demand for a preliminary examination, the prosecutor's statement (made to defendant's counsel in response to his question) that he would have no choice but to "supplement" defendant was a threat to induce him to plead guilty. Defendant did not plead guilty but

says that the statement showed the prosecutor's tactics to be coercive. We do not agree because the statement was made in response to counsel's question and was made after and not before defendant demanded a preliminary examination. In any event the statement did not prejudice this defendant as he did not plead guilty and was tried and convicted by a jury.

Defendant contends the trial court was guilty of prejudice in imposing a more severe sentence on this defendant than that imposed on another escapee. Defendant escaped with one Fred Dyer. Dyer, who had had three previous felony convictions, pled guilty to the information, was not "supplemented", and did not receive an increased sentence under the habitual offender act. The maximum penalty for the crime of escape is five years in prison and Dyer received from one and one-half to five years. The habitual offender act, under which defendant was sentenced, provides for a maximum penalty of twice that provided as punishment for the crime charged, or ten years in this case. Defendant received a sentence of from five to ten years.

A trial judge has great discretion in sentencing within the statutory maximum and minimum sentences; in light of the fact that the defendant could have received a ten-year sentence, we think the trial court showed restraint rather than prejudice in this matter.

Defendant claims that the habitual offender's act, MCLA § 769.11 (Stat Ann 1954 Rev § 28.1083), is unconstitutional because a defendant sentenced pursuant to it is being punished twice for the same crime. The statute is in no manner *ex post facto;* it is the subsequent offense, committed while the act is in effect, that is punished more harshly, and

not the first offense. *People* v. *Miller* (1959), 357 Mich 400.

Just as the law makes provision for the first or youthful offender in the form of probation, delays in sentences, *etc.,* so the law also makes provision for the repeater or habitual criminal and this Court agrees with the statement of the Michigan Supreme Court in *People* v. *Palm* (1929), 245 Mich 396, 401:

"Such laws evidence a desire on the part of the people of the State to protect themselves from the acts of habitual violators of law. Such persons, by the repeated commissions of felonies, have shown that they are a menace to society, unfit for liberty, and should be deprived thereof. The punishment in such cases is increased because of the apparent persistence in the commission of crime by the person convicted and his indifference to the laws deemed necessary for the protection of the people and their property. Experience teaches that the fear of severe punishment is more likely to rid the State of this type of professional criminals than any effort which may be made looking to their reformation."

There are no procedural errors as the non-mandatory statutory procedure was followed. The jury was never informed of the prior offenses and defendant admitted he was guilty of those offenses. *People* v. *Everson* (1969), 16 Mich App 739.

Affirmed.