PEOPLE v LEWIS

1. CRIMINAL LAW—NONJURY TRIAL—FINDINGS OF FACT—COURT RULES.

> The court rule requiring that the judge in a case tried without a jury find the facts specially does not apply to criminal trials and no special findings of fact are required in judge-tried criminal cases; therefore, the trial judge did not err in failing to find specifically that a knife concealed on defendant's person was a dangerous weapon (GCR 1963, 517.1).

2. CRIMINAL LAW—DOUBLE JEOPARDY—GOOD TIME—FORFEITURE.

> The forfeiture of a prison inmate's "good time" in an administrative proceeding is not double jeopardy; a double sentencing must occur in a criminal prosecution in a court of justice, not an administrative proceeding, before the constitutional prohibition against double jeopardy is violated.

3. CRIMINAL LAW—SENTENCE—CREDIT FOR TIME SERVED.

> A prison inmate who commits another crime while serving his sentence is entitled to be credited with time served in confinement from his arraignment to the date of his sentencing for the second crime.

Appeal from Jackson, Gordon W. Britten, J. Submitted Division 2 March 7, 1972, at Lansing. (Docket No. 12100.) Decided July 25, 1972.

Willie Lewis was convicted of carrying a concealed weapon. Defendant appeals. Affirmed in part; modified in part.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCES FOR POINTS IN HEADNOTES

[1] 56 Am Jur, Weapons and Firearms § 3.

[2, 3] 60 Am Jur 2d, Penal and Correctional Institutions §§ 58–64.

Withdrawal, forfeiture, modification, or denial of good-time allowance to prisoner, 95 ALR2d 1265.

*Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *William D. Boham,* Chief Appellate Attorney, for the people.

*Daniel S. Seikaly,* Assistant State Appellate Defender, for defendant.

Before: LESINSKI, C. J., and BRONSON and TARGONSKI,* JJ.

TARGONSKI, J. Defendant, while an inmate at Jackson Prison, was stopped and searched by a prison guard for being out of his assignment area without a pass. The prison guard testified that he found an object concealed on the back of the defendant, which was described as a knife. The defendant then fled with the knife in his hand. During his flight, a corrections officer saw the defendant throw an object on top of an adjacent building. Two corrections officers proceeded to the roof of the building and discovered an object which was described as being a homemade knife with a taped handle. This was identified as being similar to the knife that had been on the defendant's person when he had been originally stopped.

Defendant was charged with violation of MCLA 570.227; MSA 28.424, carrying a concealed weapon. He elected to be tried by the court without a jury. The judge, in his findings, found the defendant guilty of the crime as charged and sentenced him to a minimum of 1-1/2 years and a maximum of 5 years.

The first issue raised by the defendant is whether the trial court's failure to recite a specific finding as to the dangerous character of the knife

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

found on the defendant was reversible error in violation of GCR 1963, 517.1.

There has been much controversy over the answer to this question. However, the Michigan Supreme Court has settled this issue by its holding in *People v Thomas,* 387 Mich 368 (1972). In *Thomas,* the Supreme Court specifically held that GCR 1963, 517.1 was not applicable to criminal cases, stating at p 378:

"In view of the historical nature of the criminal verdict and the safeguards against erroneous factual determinations embodied in the requirement that there be sufficient proof of each element of the crime, we hold that no special findings of fact are required in judge-tried criminal cases."

Therefore, in light of *Thomas,* the trial court did not err in failing to specifically find that the knife was a dangerous weapon.

The defendant further contends that he was subjected to double jeopardy since he was convicted and sentenced in a criminal action and suffered the withdrawal of accumulated "good time" in an administrative action for the same crime.

There is nothing in the record to show that the defendant actually lost his "good time" or, if he lost it, whether it was for this infraction. Furthermore, the defendant never raised this issue or made any objection in the trial court. Objections not raised at trial and not passed upon by the trial court are generally not considered on appeal. *People v Martin,* 1 Mich App 265, 268 (1965); *People v Elliot,* 322 Mich 313, 316 (1948).

However, this Court had consistently held that the forfeiture of "good time" in an administrative proceeding does not amount to double jeopardy. In

order to violate the constitutional prohibition against double jeopardy the double sentencing must occur in a criminal prosecution in a court of justice and not an administrative proceeding. *People v Shastal,* 26 Mich App 347, 350 (1970); *People v Wilson,* 6 Mich App 474, 477 (1967). The Court finds no error with regard to this procedure.

The defendant finally contends that the trial court erred in not granting him credit for the time he was confined from his arraignment to the date of his sentencing.

In the present case, the defendant was arraigned on August 25, 1970 and was sentenced on May 6, 1971. MCLA 769.11b; MSA 28.1083(2) provides a defendant shall have the time he was confined until sentenced, credited against the sentence imposed upon him.

The obvious problem in this case is that the defendant was already serving a term in prison during this period. This court faced the identical problem in *People v Hall,* 19 Mich App 95 (1969). In *Hall, supra,* defendant did not furnish bail and was detained in jail from arraignment through sentencing. The court allowed the defendant credit for the days spent in jail from arraignment through sentencing, even though this time was also being applied against a prior breaking and entering sentence. We find that the *Hall* decision controls the instant case.

We see no need for remanding for resentence. Pursuant to the provisions of GCR 1963, 820.1(7) it is ordered that the defendant's sentence be amended specifically to grant him credit for the 257-day period.

Affirmed in part and modified in part.

All concurred.