COMMONWEALTH *vs.* GEORGE B. SNEED.

Franklin.    November 11, 1974. — January 31, 1975.

Present: HALE, C.J., ROSE, KEVILLE, GRANT, & ARMSTRONG, JJ.

*Escape. Imprisonment. Penal Institution. Constitutional Law,* Double jeopardy.

A prisoner who fails to return from a furlough may be held to have escaped from a prison camp within the meaning of G. L. c. 127, § 83C. [33-34]

Prosecution of a prisoner for the crime of escape in addition to the imposition of a forfeiture of good time as a result of a failure to return from furlough did not violate the constitutional guaranty against double jeopardy. [34-35]

INDICTMENT found and returned in the Superior Court on May 10, 1973.

The case was tried before *Cross,* J.

*Malvine Nathanson* for the defendant.

*Stephen R. Kaplan,* Assistant District Attorney, for the Commonwealth.

KEVILLE, J.    While serving a sentence at Monroe Forestry Camp, the defendant failed to return from a furlough authorized by G. L. c. 127, § 90A, as appearing in St. 1972, c. 777, § 18. He was indicted, tried and convicted of escape from a prison camp pursuant to the provisions of G. L. c. 127, § 83C, inserted by St. 1951, c. 755. He has appealed (G. L. c. 278, §§ 33A-33G) from the denial of his motion to dismiss the indictment.

In his first assignment of error the defendant claims that G. L. c. 127, § 83C, does not include failure to return from furlough. He contends that, as thus applied, § 83C violates his right to due process of law guaranteed by art. 12 of the Declaration of Rights of the Constitution of the Commonwealth and the Fourteenth Amendment to the Consti-

tution of the United States. This contention is foreclosed by the decision of the Supreme Judicial Court in *Commonwealth* v. *Hughes*, 364 Mass. 426, 430 (1973), which decided that a prisoner who fails to return from furlough may be held to have escaped from a "penal institution" within the meaning of G. L. c. 268, § 16, as amended through St. 1955, c. 770, § 82.[1] See *Commonwealth* v. *Hickson*, 1 Mass. App. Ct. 870 (1974); *Commonwealth* v. *Meranda*, 2 Mass. App. Ct. 890 (1974).

Since both the language and purpose of G. L. c. 127, § 83C, are substantially identical to those of G. L. c. 268, § 16, we conclude that the holding in the *Hughes* case is dispositive of the defendant's due process claim.

The defendant also claims that the imposition of a forfeiture, such as loss of good time deductions[2] following his failure to return from furlough, constituted a bar to his later prosecution for the crime of escape and that such prosecution constituted double jeopardy in violation of the common law of Massachusetts and the Fifth Amendment to the Constitution of the United States made applicable to the States by the Fourteenth Amendment. The forfeiture of good time deductions has been characterized as penal in nature. *Wood* v. *Commissioner of Correction*, 363 Mass. 79, 81 (1973).

While there are cases within this jurisdiction in which the loss of good time and judicial punishment have both been imposed (*Gregoire, petitioner*, 355 Mass. 399 [1969]; *Wood* v. *Commissioner of Correction*, 363 Mass. 79 [1973]), the question of double jeopardy has not been discussed. We have, therefore, turned to the law of other jurisdictions for enlightenment. We concur in the opinion of the overwhelming majority of courts which have held that conviction of escape, following the imposition of a forfeiture of good time arising from the same occurrence, does not offend the constitutional guaranty against double jeopardy.

---

[1] Our concern is with G. L. c. 268, § 16, prior to its further amendment by St. 1973, c. 1062.

[2] See G. L. c. 127, § 83B.

*Hutchinson* v. *United States,* 450 F. 2d 930, 931 (10th Cir. 1971), and cases cited. *United States* v. *Hedges,* 458 F. 2d 188, 190 (10th Cir. 1972). *United States* v. *Williamson,* 469 F. 2d 88, 89 (5th Cir. 1972). *Alex* v. *State,* 484 P. 2d 677, 682-684 (Alaska, 1971). *State* v. *Tise,* 283 A. 2d 666 (Me. 1971). *People* v. *Shastal,* 26 Mich. App. 347, 349-350 (1970). *People* v. *Lewis,* 42 Mich. App. 121, 123-124 (1972). *State* v. *Maddox,* 190 Neb. 361, 362 (1973). *State* v. *Millican,* 84 N. M. 256 (Ct. App. 1972). *State* v. *Kennedy,* 253 Ore. 145 (1969). *State v. Lebo,* 129 Vt. 449, 450 (1971). Contra, *In re Lamb* 34 Ohio App. 2d 85, 96-98 (1973).

While the doctrine of double jeopardy protects the individual from multiple judicial punishment for the same offense, it does not encompass forfeitures such as the loss of good time (see *People* v. *Lewis, supra*) and inasmuch as the forfeiture of good time does not result in confinement for the initial offense beyond its maximum term, double jeopardy does not attach as the result of a later prosecution for escape. See *Alex* v. *State, supra,* at 684.

*Judgment affirmed.*