316 So.2d 304 (1975)
Kenneth DANFORTH and Arnold Evans, Appellants,
v.
STATE of Florida, Appellee.
Nos. W-205, W-206.
District Court of Appeal of Florida, First District.
August 6, 1975.
*305 Richard W. Ervin, III, Public Defender; and Gary M. Delohery, Asst. Public Defender, for appellants.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
BOYER, Chief Judge.
Appellants, defendants below, after being charged in separate informations with the crimes of escape and breaking and entering with intent to commit grand larceny, informed the lower court through their counsel that they desired to plead guilty to the lesser charge of breaking and entering with intent to commit a misdemeanor and to the charge of escape. After a thorough examination, the lower court accepted the appellants' guilty pleas as voluntary. At a subsequent hearing, appellant Danforth received a five year sentence on each charge, said sentences to run concurrently with each other and with the sentence he was serving when he escaped. No credit was given for jail time served awaiting disposition of either case. Appellant Evans was given a five year sentence on the charge of breaking and entering and a 12 year sentence on the charge of escape, both sentences to be served concurrently with each other and with the sentence he was serving at the time he escaped. Likewise, he was not given credit for jail time served awaiting disposition. The trial judge, realizing he had erred in imposing concurrent sentences because F.S. § 944.40 requires any sentence on a charge of escape to be served consecutively, called the appellants before him for resentencing. He modified the original sentences so that the sentences given on the charge of escape were to be served consecutively by both appellants. Again, no credit was given for jail time served under the prior sentence for escape.
Appellants first argue that the trial court erred in not giving them credit for time served in jail prior to being sentenced and for the time served under the sentence for escape, citing F.S. § 921.161(1),[1] which seems to require the trial court to give a defendant credit for the time served before sentencing. However, as the Florida Supreme Court noted in Adams v. Wainwright, Sup.Ct.Fla. 1973, 275 So.2d 235, the crime of escape constitutes "an overriding exception to the statute" (§ 921.161(1)). "The existing sentence resumes upon incarceration or capture, leaving the trial court no option under the statute as to credit for time awaiting trial. A captured escapee awaiting trial for the intervening escape is not in a position for bond, for he immediately resumes serving his original prison term. He is therefore `locked in'  both literally and figuratively. The credit (to be applied to the pending sentence) is automatic in that the time awaiting an escape trial is a mandatory continuation of his original sentence as a matter of law." (Adams v. Wainwright, supra, at 237.)
Although the precise question in the Adams case was whether a defendant was entitled to credit for time served pending the completion of his trial for escape counting toward his original State Prison sentence, the holding of the case implicitly *306 answers the precise question before us. Since the time awaiting an escape trial is a mandatory continuation of the defendant's original sentence as a matter of law, F.S. § 921.161(1) is not applicable. Most assuredly, appellants automatically received credit on their original sentences for time served awaiting disposition of the escape charge, therefore the trial court was correct in refusing to give them credit for time served as applied to the sentence imposed on the escape charge itself.
Appellants' second point contains the allegation that the trial court erred in not ascertaining a factual basis for their guilty pleas, in violation of Rule 3.170(j), RCrP. On this point, we have previously stated, "... as desirable as it may be, it is not necessary that the trial judge recite into the record his determination of the factual basis for the plea nor, for that matter, his determination of any of the other matters referred to in Rule 3.170(j). It is sufficient that the record itself reflect the basis for such a determination." Mower v. State, Fla.App. 1st 1975, 308 So.2d 586. Sub judice, the record indicates that the trial judge extensively interrogated the appellants in order to determine whether or not their pleas were being entered voluntarily. He asked them whether they understood that their guilty pleas could result in sentences of five years for breaking and entering and 15 years for escape. They replied in the affirmative. Likewise, the appellants answered in the affirmative when asked if they understood that their guilty pleas waived their right to a trial by jury, the right to require the State to prove their guilt, the right to confront witnesses, the right to have witnesses testify for them, and the right to remain silent throughout the trial. They indicated that they were fully satisfied with their attorney, and that they wanted to plead guilty. They did: They were then adjudicated guilty and sentenced. The point here raised has been recently adjudicated by the Supreme Court of Florida adversely to the position here taken by appellants. (See Williams v. State, Sup.Ct.Fla. 1975, 316 So.2d 267, Case No. 46,697, Opinion filed June 23, 1975; Estes v. State, Sup.Ct.Fla. 1975, 316 So.2d 276, Case No. 45,785, Opinion filed June 23, 1975; State v. Lyles, Sup. Ct.Fla. 1975, 316 So.2d 277, Case No. 46,320, Opinion filed June 23, 1975; and Hall v. State, Sup.Ct.Fla. 1975, 316 So.2d 279, Case No. 46,588, Opinion filed June 23, 1975.)
Affirmed.
RAWLS and MILLS, JJ., concur.
NOTES
[1] "A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence."