DONALD GASQUE *v.* STATE OF MARYLAND

[No. 230, September Term, 1979.]

*Decided May 7, 1980.*

The cause was submitted on briefs to MASON, COUCH and MACDANIEL, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Louis P. Willemin, Assistant Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, Stephen E. Caplis, Assistant Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Ronald Rothwell, Assistant State's Attorney for Baltimore City,* for appellee.

MASON, J., delivered the opinion of the Court.

Appellant, Donald Gasque, was convicted at a bench trial in the Criminal Court of Baltimore of escape. He was sentenced to a term of twenty months consecutive to a pre-existing six year sentence he was then serving. On appeal appellant argues:

1. That the trial court erred in increasing his sentence once it had already been imposed.

2. That his trial was not held within 120 days.

3. That the evidence was insufficient to support his conviction for the crime of escape.

I.

During the penalty stage of the trial on December 7, 1978, the following colloquy occurred:

> "THE COURT: The sentence is two (2) years to the Commission of Correction consecutive with the present sentence he is now serving. The court costs will be waived.
>
> * * *
>
> MR. McALLISTER: [Appellant's trial counsel]: Will that start July 11, 1978, the day he was arrested on this offense?
>
> THE COURT: He was arrested on July 11th, is that not correct?
>
> MR. McALLISTER: July 11, 1978, and he has been in the City Jail awaiting trial on that charge.
>
> THE COURT: He is entitled to credit on that and he will receive credit from July 11, 1978.

THE CLERK: If it is going to be consecutive, you can't do that because we don't know when the present sentence starts and that begins.

THE COURT: I will make a change in the sentencing. The sentence is twenty (20) months to the Commission of Correction, consecutive to the present sentence being served. That will give him credit for the time he has served."

The colloquy *supra* shows that appellant was sentenced to two years with credit for the time spent in jail (four months and twenty six days), which resulted in a sentence of nineteen months and four days. Immediately thereafter, the court modified the sentence to a term of twenty months.

Appellant argues that the court erred in increasing his sentence by twenty six days and in support thereof he cites Maryland Rule 774 (b), which in relevant part provides: "For a period of 90 days after the imposition of a sentence . . . the court has revisory power and control over the sentence. Pursuant to this section, the court may modify or reduce or strike but may not increase the length of, a sentence. . . ."

In *Smith v. State,* 31 Md. App. 310 (1976) defendant's conviction was set aside on appeal. She was reprosecuted and a twelve year sentence was imposed. Smith was not given credit for time spent in custody under the prior sentence, which was a violation of Article 27, section 638C (b) (Code 1957, 1976 Repl. Vol.). After discovering the error, the court resentenced Smith to fifteen years with credit for time served. In holding that Smith's sentence was improperly increased, this Court said:

"As we have indicated, the 12 year term imposed was legal, and the only aspect of the sentence that was illegal was the lack of credit for time served. Rule 764 §a [now Rule 774 a] permitted that defect to be corrected, but it did not empower the judge to strike the 12 year term. It is correct that § b 1 [now Rule 774 b] of the Rule gives the trial judge, within the 90 day period, broad powers over a sentence even though it has been imposed. But those powers

permit the *modification* or *reduction* of the sentence. *Costello v. State,* 237 Md. 464, 472 (1965). The judge may not increase it." (Emphasis in original.) *Id.* at 320.

The State argues that in changing the sentence from two years to twenty months, the court reduced rather than increased appellant's sentence. It flatly asserts:

"It is plain that credit for pre-trial detention (for the same crime of which the person is ultimately sentenced) is mandated by statute. See Article 27, section 638C, Annotated Code of Maryland. At the present time, appellant will be serving a sentence of 20 months, against which will be credited the four months and twenty-six days of pre-trial incarceration. . . ."

Article 27, section 638C (a) alluded to by the State provides, in substance, that any person who is convicted and sentenced shall receive credit for all time spent in jail as a result of the charge for which sentence is imposed.

The problem with the assertion of the State is that it fails to explain when, how or by whom the four months twenty six days of pretrial incarceration will be credited to appellant against the twenty month sentence imposed. Moreover, the State ignores subsection (d) of section 638C which provides:

"(d) *Time of awarding credit; statement on record.* — The credit required by subsections (a), (b) and (c) of this section shall be awarded by the trial judge at the time of sentencing. After having communicated with the parties, the judge shall inform the defendant and shall state on the record the amount of time that is to be credited and the facts upon which the provision for credit is based."

We find nothing in the record to show that the court credited appellant with the time he spent in jail awaiting trial against the twenty month sentence imposed. In determining whether appellant is entitled to receive credit for the time in

question, we must reconcile the apparent conflict between section 638C (a) which requires that any person who is convicted and sentenced shall receive credit for all time spent in jail as a result of the charge for which sentence is imposed and Article 27, section 139 (a) (Code 1957, 1976 Repl. Vol.) which requires that any sentence imposed for the crime of escape must be consecutive to the sentence under which the inmate was originally confined. In other words, must a defendant who is already serving a term of imprisonment for another crime, receive credit on his escape sentence for time spent in custody awaiting trial for the crime of escape? We think not.

In *People v. Bachman,* 50 Mich. App. 682, 213 N.W.2d 800 (1974) the Court was called upon to consider whether the lower court had erred in failing to grant the defendant credit against his escape sentence for time spent incarcerated between his arraignment on the escape charge and sentencing. In deciding this question the Court was required to reconcile provisions of the Michigan Code that were similar to the provisions of Article 27, section 139 (a) and Article 27, section 638C (a) of the Maryland Code, which provide that the sentence for prison escape is mandatorily consecutive and that credit must be granted for time spent in jail for "any crime" between arraignment and sentencing. In resolving this conflict the Court said (at 213 N.W.2d 802):

"The conflict between the credit-granting statute and the mandatory consecutive sentence statute is obvious. In the former, the Legislature expressed its intent that credit be granted for time spent in jail for 'any crime' between arraignment and sentencing. In the latter, the Legislature unambiguously directed that the sentence for prison escape commence at the completion of any former sentences 'then being served'. Thus, in a case such as this, where the defendant was serving a valid, prior sentence between the time of arraignment and sentencing on a charge of prison escape, to grant him credit against the sentence

imposed for the time between arraignment and sentencing is to contravene the Legislative directive that the prison escape sentence commence *only* at the expiration of the prior sentences. We are faced, therefore, with a conflict between a general statute granting credit and a more specific statute which, in effect, denies such credit. In such circumstances, it is a fundamental rule of statutory construction that the specific statute takes precedence over the general and is viewed as an exception thereto. (Citations omitted.) We conclude that the mandatory consecutive sentence statute is an exception to the general credit granting statute and hence the trial court did not err in denying defendant credit for the time he was incarcerated between arraignment and sentencing on the charge of prison escape." (Emphasis in original.)

*See also People v. Patterson,* 392 Mich. 83, 219 N.W.2d 31, 34 (1974) where the Supreme Court of Michigan not only approved the basic reasoning of *Bachman, supra,* but extended it to a statute which allowed the imposition of either a consecutive or a concurrent sentence. The Court held that credit for pre-trial incarceration either for escape or some other subsequent crime cannot be granted a prisoner already serving a sentence arising from a prior crime.

Likewise, in *Danforth v. State,* 316 So. 2d 304 (Fla. App. 1975) the Court held that the trial court did not err in failing to give two defendants credit for time spent in jail prior to being sentenced for escape. As in *Bachman, supra,* the Court had to reconcile the provisions of the credit granting statute, F.S. § 921.161 (1), with the provisions of the statute requiring the imposition of a consecutive sentence upon conviction of escape. In rejecting the defendant's allegation of error the Court held:

"Since the time awaiting an escape trial is a mandatory continuation of the defendant's original sentence as a matter of law, F.S. § 921.161 (1) is not

applicable. Most assuredly, appellants automatically received credit on the original sentences for time served awaiting disposition of the escape charge, therefore, the trial court was correct in refusing to give them credit for time served as applied to the sentence imposed on the escape charge itself." *Id.* at 306.

We think the rationale of *Bachman, Patterson* and *Danforth, supra,* is persuasive and pertinent here. Accordingly, we conclude that appellant is not entitled to receive credit against the twenty month sentence imposed for the time he spent in jail awaiting trial on the escape charge. Consequently, his sentence was not illegally increased.

Appellant, however, is not without a remedy. He is entitled to receive credit against the original sentence from which he escaped for the time spent in jail under the provisions of Division of Correction Regulation 285-6 which, in relevant part, provides:

> "a. When an inmate is apprehended on escape and ultimately returned to the jurisdiction of the Division of Correction, the inmate, promptly after his return to the Division, shall be advised, in writing, that he may be entitled to receive credit against the sentence from which he escaped for the time he may have spent incarcerated in this State after apprehension but before return to an institution in the jurisdiction of the Division of Correction.

> \* \* \*

> (1) All time spent incarcerated in another correctional or detention facility (*i.e.* county jail, city jail, etc.) in this State while in escape status from a Division of Correction institution shall be credited toward the reduction of the sentence(s) the inmate was serving at the time of his escape."

## II.

Maryland Rule 746 (a) provides:

"Within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the court pursuant to Rule 723 (Appearance — Provision for or Waiver of Counsel), a trial date shall be set which shall be not later than 120 days [now 180 days] after the appearance or waiver of counsel or after the appearance of defendant before the court pursuant to Rule 723 (Appearance — Provision for or Waiver of Counsel)."

The record here shows appellant was arrested on July 11, 1978, arraigned on August 27, 1978, and tried on December 7, 1978. Appellant argues that he was not tried within 120 days from the date of his arrest in violation of Rule 746 (a), *supra*. This argument is without merit. Nothing in Rule 746 (a) requires the trial of a defendant within 120 days after his arrest. Moreover, in *State v. Hicks,* 285 Md. 310, decided June 25, 1979, the Court of Appeals held that the mandatory effect of Rule 746 was prospective and only applied to future criminal prosecutions. Since appellant's trial occurred on December 7, 1978, the mandatory effect of the rule does not apply to his case.

## III.

The final argument of appellant is that the evidence was insufficient to support his conviction of escape. This argument is equally without merit.

The record shows that appellant was an inmate of the Division of Correction and was assigned to the Pre-Release Center at 920 Greenmount Avenue in Baltimore City. Appellant left the Center on May 21, 1978, and did not return. He was arrested on July 11, 1978 for escape. It is clear that appellant's departure from the Pre-Release Center, a place where he was legally detained and confined, was sufficient to permit the trier of facts to find him guilty

of the crime of escape beyond a reasonable doubt. *See* *Stewart v. State,* 21 Md. App. 346 (1974); *Vucci v. State,* 18 Md. App. 157 (1973); *Beasley v. State,* 17 Md. App. 7 (1973). Nor do we find any merit to appellant's oblique contention that the conditions at the Pre-Release Center caused him to escape. Not only was this issue not raised below, Maryland Rule 1085, but the conditions complained of on appeal for the first time fall far short of the duress required to justify an escape. *See Robinson v. State,* 42 Md. App. 617 (1979); *see also United States v. Bailey,* 444 U.S. 394, 62 L. Ed. 2d 575, 100 S. Ct. 624 (1980).

*Judgment affirmed.*
*Costs to be paid by appellant.*