Hely, J.
The defendant has been indicted for assault and battery upon Lieutenant Daniel Lussier, a corrections officer. According to a disciplinary report provided with the defendant’s memorandum, the incident occurred on March 22, 1994, while the defendant was in the Departmental Disciplinary Unit of MCI Cedar Junction. According to this report, the defendant lunged forward and headbutted Lieutenant Luss-ier in the face. He cracked one of Lieutenant Lussier’s teeth and knocked two caps from his front teeth. The defendant’s head butt also caused Lieutenant Lussier a slight concussion and a swelling to the cheek. At the disciplinary hearing, the defendant chose to make no statement.
The defendant contends that a trial on the indictment based on this attack would violate the Double Jeopardy Clause because he has previously been subjected to punitive prison disciplinary sanctions including assignment to the Departmental Disciplinary Unit and loss of statutory good time. The Supreme Judicial Court has rejected this argument. Commonwealth v. Boyd, 367 Mass. 169, 176 (1975) (dictum). The Appeals Court has rejected this argument. Commonwealth v. Sneed, 3 Mass.App.Ct. 33, 3435 (1975).
“Every . . . [Federal] Circuit that has addressed this issue has agreed.” Garrity v. Fiedler, 41 F.3d 1150, 1152 (7th Cir. 1994); see, e.g. Fano v. Meachum, 520 F.2d 374, 376 n.1 (dictum; 1st Cir. 1975), rev’d on other grounds, 427 U.S. 215 (1976); United Stales v. Newby, 11 F.3d 1143 (3rd Cir. 1993), cert. denied, 114 S.Ct. 1841 (1994); contra Commonwealth v. Forte, Norfolk Superior 97548, memorandum of decision (Flannery, J.) (March 8, 1995), 4 Mass. L. Rptr. 96 (September 11, 1995).
United States v. Halper, 490 U.S. 435, 449 (1989), is only the “rule for the rare case” involving grossly disproportionate civil fines imposed after a criminal conviction, imprisonment and a criminal fine. Neither Halper nor Kvitka v. Board of Registration in Medicine, 407 Mass. 140 (1990), undermine the holdings or the reasoning in the Massachusetts and Federal cases that reject double jeopardy claims based on prior prison discipline.
Although the defendant’s prison disciplinary sanctions have been in part punitive, the sanctions did not and could not increase the maximum sentence that the court had previously imposed upon the defendant for the crime of armed robbery. Good time can be forfeited and greater restrictions can be imposed, but prison discipline can never increase the lawful maximum sentence previously imposed by the court.
On policy grounds, the defendant’s seventyeight prior disciplinary reports and four prior assignments to the Departmental Segregation Unit or the Departmental Disciplinary Unit illustrate the importance of permitting a criminal prosecution for a new offense committed in prison.
The constitutional analysis and reasoning in the cited cases persuade the court that a trial, conviction and sentence on this indictment would not violate double jeopardy principles under either the United States Constitution or the Constitution of the Commonwealth. For these reasons, the motion to dismiss has been denied.