Lauriat, J.
The petitioner, Johnny Quinerly (“Quinerly”), escaped from the South Middlesex PreRelease Center in March 1994. At that time, Quinerly was serving a 3- to 10-year prison sentence for unarmed robbery and auto theft (the “old sentence”). After his recapture nine days later, Quinerly faced additional charges. On February 22, 1995, he was sentenced to 5 to 8 years in prison for his escape and 4 to 7 years in prison for an armed assault committed while he was an escapee (the “new sentences”). The new sentences were to be served concurrently with each other, but from and after the completion of Quinerly’s old sentence. Earlier, the Department of Correction (“Department”) brought disciplinary charges against Quinerly as a result of actions related to and including his escape. As a result of those disciplinary proceedings, Quinerly received 30 days in solitary confinement, 60 days of loss of visits, and the loss of 337.5 days of statutory good time. Quinerly did not appeal his disciplinary sanctions, and on May 12, 1994, they became final.
On May 22, 2001, the court (Cratsley, J.) allowed Quinerly’s motion to revise and revoke the 5- to 8-year prison sentence it had imposed on his escape conviction. The court instead imposed a sentence of three years of probation, to commence from and after the conclusion of his sentences for unarmed robbery and armed assault.
The Department has aggregated Quinerly’s 3- to 10-year and 4- to 7-year sentences to a single 7- to 17-year term. Quinerly’s maximum sentence would result in his release on November 26, 2008. However, he is entitled to 2,550 days of statutory good time credit against his sentences. The Department has applied the 337.5 days of forfeited credit against that total, moving Quinerly’s earliest release date to June 13, 2002. Quinerly asserts that the 337.5 days was improperly forfeited and that he is therefore entitled to immediate release.
DISCUSSION
To prevail in a habeas corpus petition, the petitioner must show by a preponderance of the evidence that he is entitled to immediate release. Pina v. Superintendent, Massachusetts Correctional Institution, Walpole, 376 Mass. 659, 664-65 (1978).
I.
The Department first claims that the sole vehicle for appeal of a Departmental disciplinary decision is “an action in the nature of certiorari.” G.L.c. 249, §4. Nelson v. Commissioner of Correction, 390 Mass. 379, 388 n. 12 (1983). This statute allows the disciplined party 60 days in which to seek redress. Since Quinerly failed to pursue this alternative, the Department asserts that his present action is barred by the statute of limitations.[1]
This is not, as Quinerly would have it, designed to throw a “smokescreen” around a decision on the merits. Statutes of limitation serve well recognized policy concerns that protect parties impartially and focus judicial resources on matters which can be reliably and timely determined. Quinerly’s disciplinary hearing took place in 1994; his sentences for escape and armed assault were imposed in 1995. On the basis of the applicable statute of limitations, Quinerly’s petition for a writ of habeas corpus must be dismissed.
II.
Even if the court was to consider and determine Quinerly’s habeas corpus petition on its merits, the result would be the same. Quinerly contends that G.L.c. 127, §129, as amended, prohibits the Department from deducting the forfeited statutory good time credits from his old sentence rather than from his new sentence. He argues that to do otherwise constitutes a form of double jeopardy. The Department has prop *173 erly aggregated the defendant’s old sentence for unarmed robbery and his new sentence for armed assault. Thus, the aggregated sentence is merely the combination of two existing sentences as a matter of administrative convenience.
Where, as here, a prohibited act (escape) is both a crime and an infraction of prison rules, the Department can order that good time credits be forfeited from a defendant’s sentence if the defendant’s conduct is found to have violated those rules.
If a prisoner violates any rule of his place of confinement, the commissioner . . . shall decide what part, if any, of such good conduct deduction from the sentence or sentences shall be forfeited by such violation, and may likewise determine, in the event of the prisoner’s subsequent good conduct, whether any or all of such deduction shall be restored.
G.L.c. 127, §129.
The same statute, G.L.c. 127, §129, also provides that:
If during the term of imprisonment of a prisoner confined in a correctional institution of the commonwealth, such prisoner shall commit any offense of which he shall be convicted and sentenced, he shall not be entitled to any [good time] deductions hereunder from the new sentence or sentences of imprisonment.
There is nothing in the statute that states or even implies that these provisions are mutually exclusive. The Massachusetts Appeals Court has held that simultaneous imposition of dual track determinations under a similar statute, G.L.c. 127, §83A (escape from prison camp), does not raise double jeopardy concerns. Commonwealth v. Sneed, 3 Mass.App.Ct. 33, 34 (1975). The Department therefore may properly deduct the 337.5 days of good time credit as a matter of discipline, while those good time credits remain unavailable to Quinerly against the sentence imposed on the armed assault charge.
III.
Quinerly also contends that the criminal provisions of G.L.c. 127, §129 do not apply in his case because he was not “confined in a correctional institution” when he escaped. Thus, he claims that he is entitled to statutory good time credits against his new sentence. The Massachusetts Appeals Court addressed a similar situation in Rachal’s Case, 25 Mass.App.Ct. 126 (1987). There, a furloughed prisoner argued that he was no longer "in custody” when he committed a crime in Middlesex County in violation of a term of his furlough that required him to remain in Suffolk County. The court in Rachal construed the statutory language “during the term of imprisonment” to apply to any crime a prisoner committed while under the Department’s nominal control. To do otherwise, the court reasoned, would reward wrongdoing in contravention of the legislature’s presumed intent. Rachal, at 130. This court endorses the reasoning in Rachal, and applies it to this case. Therefore, Quinerly’s armed assault committed during his escape from prison while serving his term of imprisonment for unarmed robbery does not remove him from the ambit of G.L.c. 127, §129, and Quinerly’s habeas petition must be dismissed.
ORDER
For the foregoing reasons, Johnny L. Quinerly’s Petition for a Writ of Habeas Corpus is DISMISSED.

 This defense remains available to the Department even if it initially failed to assert it. Pidge v. Superintendent, Massachusetts Correctional Institution, Cedar Junction, 32 Mass.App.Ct. 14, 18 (1992).